**Robert Joseph EVESLAGE, petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C7–84–182.**

Court of Appeals of Minnesota.

July 31, 1984.

Paul Widick, St. Cloud, for respondent.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and HUSPENI, and NIEREN-GARTEN, Judge.

## OPINION

NIERENGARTEN, Judge.

Appellant Commissioner of Public Safety appeals from the trial court's order rescinding revocation of respondent Eveslage's driver's license pursuant to Minn.Stat. § 169.123 (1982), the implied consent statute. We reverse.

## FACTS

On September 28, 1983, a Stearns County Deputy Sheriff observed a vehicle weaving across the centerline and the fog line along the right side of the road. He stopped the vehicle and its driver, respondent Robert Joseph Eveslage. When the deputy requested to see Eveslage's driver's license, he noticed that Eveslage had difficulty producing it. In addition, Eveslage's eyes were bloodshot and watery, his balance and walk were unsteady and his speech was slurred. The odor of alcohol was present. Field sobriety tests were not administered.

Eveslage was charged with violating Minn.Stat. § 169.121 (1982), the DWI statute. Eveslage was read the Implied Consent Advisory form and pursuant to Minn. Stat. § 169.123 (1982), the implied consent law, Eveslage was asked to submit to chemical testing. Eveslage asked to consult an attorney before deciding to take a test. He was brought to the Waite Park Police Department where a telephone and telephone directory were made available. Eveslage attempted to call his attorney, both at home and at the office, but was unsuccessful. The deputy did not suggest that Eveslage try calling other attorneys. Eveslage was once again offered a breath test and advised that if he was unable to reach an attorney, he would have to make a decision on his own. Eveslage refused the test, stating that he saw no reason for taking it since it was obvious he would not pass.

Following his refusal, the Commissioner of Public Safety revoked his license. Eveslage petitioned the Stearns County Court for judicial review seeking rescission of the

revocation on various grounds. The petition did not raise the timeliness of the arrest or the inadequate vindication of his limited right to counsel as issues.

At the close of the judicial review hearing, the trial court concluded that Eveslage was not lawfully under arrest when the deputy requested a chemical test and that Eveslage's limited right to counsel had not been vindicated. The trial court rescinded the revocation of Eveslage's license.

## ISSUES

1. Did Eveslage's petition for review state "with specificity" that the timeliness of the arrest was at issue?

2. Did the trial court correctly determine that Eveslage was not placed under lawful arrest prior to the request for a test?

3. Did the trial court correctly determine that Eveslage's right to counsel was not vindicated?

## ANALYSIS

### I

■ Under our implied consent law, a driver may be required to provide a chemical sample of his blood, breath or urine if the officer has reasonable and probable grounds to believe the person was driving under the influence and the person has been lawfully placed under arrest for violation of the DWI law. Minn.Stat. § 169.123, subd. 2(a) (1982).

It is conceded that the deputy had reasonable and probable grounds to believe that Eveslage was driving under the influence. The state argues the trial court erred in holding that Eveslage was not placed under lawful arrest prior to the request for testing. The state advances two arguments: (1) Eveslage did not specify the arrest issue in his petition for review and, in the alternative, (2) lawful arrest had in fact taken place prior to the request for testing.

■ "The scope of implied consent hearings is limited to those issues enumerated in Minn.Stat. § 169.123, subd. 6." *Schafer v. Comm'r of Public Safety,* 348 N.W.2d 365 at 368 (Minn.Ct.App.1984). To raise any issue, a petitioner must state with specificity the issue in his petition for review. Minn.Stat. § 169.123, subd. 5c (1982).

In Eveslage's petition for review, he advanced the claim

1. That he was not driving, operating or in the actual physical control of a motor vehicle while under the influence of alcohol at the time and place of his arrest.

This language is merely a recitation of a portion of section 169.123, subd. 6(1). The thrust of the petition language raises the question of actual physical control while driving under the influence. Untimeliness of arrest is not addressed. To allow Eveslage to raise the arrest issue at trial would eliminate the requirement of specificity in a petition.

Eveslage argues, however, that the state waived its right to object to the introduction of evidence concerning the arrest issue, relying on Rule 15.02, Minnesota Rules of Civil Procedure:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * *

Minn.R.Civ.P. 15.02.

The timeliness of the arrest never surfaced at trial. Eveslage's cross-examination of the deputy addressed the probable cause issue, not the timeliness of the arrest. The trial court did ask this question: "When and where did you (deputy) advise him (Eveslage) he was under arrest?" The response of the officer indicated the initial arrest advice was given in the front seat of the squad car after Eveslage was stopped.

The matter was not pursued in such fashion as to constitute a waiver.

■ Because the arrest issue was not raised in Eveslage's petition for review, it was improper for the trial court to rescind the revocation based on this ground.

## II

Even if the timeliness of the arrest was properly before the trial court, we conclude that an arrest had occurred prior to the request for chemical testing.

■ Eveslage argues in his brief that an arrest is a "formal event" and takes place at precisely the moment when the individual is "officially notified." It is unclear what Eveslage means by use of the term "officially notified". He seems to imply that the issuance of a citation is necessary to constitute an arrest and, therefore, the failure to issue a citation prior to Eveslage being taken to the Waite Park police station for testing violated 169.123, subd. 2(a) (1982). This grossly misstates the law of this state. As the Minnesota Supreme Court has recently stated:

> An arrest takes place when officers restrain a suspect's liberty of movement. *Henry v. United States*, 361 U.S. 98, 103, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); *State v. Harris*, 265 Minn. 260, 269, 121 N.W.2d 327, 333–34 (1963). When a suspect is ordered into a police squad car so constructed that he cannot get out from the inside, left there for 3 to 4 hours, handcuffed at least during the period of his removal from the car to the police station, accompanied in all his movements by police officials, and not free at any time to leave, this amounts to an arrest. It is a complete and full intrusion on his liberty, regardless of whether the suspect was formally placed under arrest. *Dunaway v. New York*, 442 U.S. 200, 212, 99 S.Ct. 2248, 2256, 60 L.Ed.2d 824 (1979).

*State v. Lohnes*, 344 N.W.2d 605, 610 (Minn.1984).

■ Eveslage was placed in the front seat of the squad car, was read the implied consent form, and was advised he was under arrest. These facts demonstrate that an arrest had actually occurred prior to the request for a breath test.

## III

■ Minnesota's Highway Traffic Regulations require that "[a]t the time a chemical test specimen is requested, the person shall be informed: ... (3) that the person has a right to consult with an attorney ...." Minn.Stat. § 169.123, subd. 2(b)(3) (Supp.1983). Not only must the person be informed of the right but "police officers must assist in its vindication." *Prideaux v. State, Department of Public Safety*, 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976). The right is not absolute, however. It "is limited to the extent that it cannot unreasonably delay administration of the test or the person will be deemed to have refused the test ...." Minn.Stat. § 169.123, subd. 2(b)(3) (Supp.1983). Violation of the right results in suppression of the test results whether in a criminal or civil license revocation proceeding. *Prideaux*, at 422, 247 N.W.2d at 395.

Eveslage's petition did not particularize the claim of inadequate vindication of his limited right to consult an attorney and so it was improper to raise the issue at the judicial review hearing. *See* Minn.Stat. § 169.123, subd. 5c (1982). At the hearing, however, the claim was raised without objection by the Commissioner's counsel and the court therefore had the right to treat the claim as if it had been particularized. Minn.R.Civ.P. 15.02.

The trial court held Eveslage's right to counsel was not vindicated. We disagree. In *Prideaux*, the supreme court held that a driver had a limited statutory right to consult an attorney, which is now incorporated in section 169.123, in deciding whether to submit to testing.

We have referred above to a *limited* right to counsel. Because of the importance of uniformity and clarity in implied-consent procedures, we would indicate specifically the nature of the right and its limitations. Consistent with this

opinion, any person who is required to decide whether he will submit to a chemical test in accordance with § 169.123 shall have the right to consult with a lawyer of his own choosing before making that decision, provided that such a consultation does not unreasonably delay the administration of the test. The person must be informed of this right, and police officers must assist in its vindication. The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel. If counsel cannot be contacted within a reasonable time, the person may be required to make a decision regarding testing in the absence of counsel....

*Prideaux,* at 421, 247 N.W.2d at 394 (emphasis in original).

This court has held that a defendant's right to counsel was not violated when the "defendant was twice told she could consult an attorney before she made her decision", and "she did not ask to consult an attorney or ask for further explanation of her rights." *State v. Von Bank,* 341 N.W.2d 894, 896 (Minn.Ct.App.1984). We have further held that: "The statute requires only that the officer allow and facilitate the defendant's right to counsel, not that the officer make sure the defendant has received the best or even proper counsel." *Butler v. Comm'r of Public Safety,* 348 N.W.2d 827 at 829 (Minn.Ct.App.1984).

Eveslage was afforded a telephone and the opportunity to call any attorney of his choosing. He was unable to locate his attorney, nor was there any other attorney he wished to call. He asked several questions as to the alternatives to taking the breath test. He also inquired as to what would happen if he took the test or, in the alternative, if he refused. The officers explained the consequences to him. The trial court concluded that rather than trying to answer "difficult legal questions", the officers could have suggested that Eveslage try calling other attorneys and in failing to do so, Eveslage's right to counsel had not been vindicated. We disagree.

 Eveslage was given the opportunity to call any attorney of his choosing. This satisfied the limited statutory right to counsel. The questions asked by Eveslage were not "difficult legal questions" since the consequences for refusing to take the test are clearly expressed in the implied consent form.

Eveslage's right to counsel was fully vindicated.

### DECISION

Since Eveslage was under arrest prior to a request for chemical testing and his right to counsel was vindicated, revocation of Eveslage's driver's license was proper.

Reversed.