Stephen Tyrone **SAXTON**, Petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C1–84–1098.

Court of Appeals of Minnesota.

Oct. 16, 1984.

---

Terrence J. Fleming, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from an order rescinding the Commissioner of Public Safety's revocation of respondent's driver's license. Respondent was arrested for DWI and subsequently refused to submit to chemical testing. Following an implied consent hearing, the trial court rescinded the Commissioner's revocation because the peace officer failed to inform respondent of the availability of the Hennepin County public defender's office. We reverse.

## FACTS

Sergeant Michael Harty of the Crystal Police Department arrested respondent Stephen Saxton for DWI at 12:15 a.m. on April 18, 1984. Harty read the implied consent advisory, and respondent asked to call an attorney.

Respondent was taken to the Crystal Police Department where a telephone and telephone book was made available. Respondent called his wife and obtained the number of Scott Powell. Respondent said Powell was his attorney, although he also stated Powell was his employer. Harty allowed respondent to talk with Powell.

After speaking with Powell, respondent told Harty he could not contact an attorney. Harty asked respondent if he wanted to call someone else and reoffered the phone book. Respondent could not contact an attorney and asked Harty what he should do. Harty replied that he could not advise respondent. Respondent never said he could not afford an attorney, and Harty did not advise him about the availability of the Hennepin County public defender's office.

Respondent then refused chemical testing. Following an implied consent hearing, the trial court rescinded the revocation of respondent's driver's license because the officer failed to vindicate respondent's right to counsel.

## ISSUE

Is a peace officer required to advise a respondent of the availability of the public defender in an implied consent proceeding?

## ANALYSIS

 The right to counsel is implied consent cases is a limited statutory right. *Prideaux v. State, Department of Public Safety,* 310 Minn. 405, 247 N.W.2d 385 (1976); *Sturgeon v. Commissioner of Public Safety,* 350 N.W.2d 487, 488 (Minn.Ct. App.1984). As explained in *Prideaux:*

> [A]ny person who is required to decide whether he will submit to a chemical test in accordance with § 169.123 shall have *the right to consult with a lawyer* of his own choosing before making that decision, provided that such a consultation does not unreasonably delay the administration of the test. The person must be informed of this right, and police officers must assist in its vindication. *The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel.* If counsel cannot be contacted within a reasonable time, the person may be required to make a decision regarding testing in the absence of counsel.

210 Minn. at 421, 247 N.W.2d at 394 (emphasis added).

In *Eveslage v. Commissioner of Public Safety,* 353 N.W.2d 623 (Minn.Ct.App. 1984), the driver was afforded a telephone and was unable to locate his attorney. We held:

> Eveslage was given the opportunity to call any attorney of his choosing. This satisfied the limited statutory right to counsel.

*Id.* at 627.

 Harty fully vindicated respondent's right to counsel by allowing him use of a telephone and a reasonable time to use the phone. *Prideaux,* 310 Minn. at 421, 247 N.W.2d at 394. Respondent was also provided with a telephone book. Even after making three telephone calls, Harty was still prepared to allow respondent additional time to contact an attorney.

There is no obligation on the part of an officer to suggest a specific attorney or the Hennepin County public defender. An officer is not required to give any more advice than mandated by statute. *State v. Gross,* 335 N.W.2d 509, 510 (Minn.1983).

## DECISION

In an implied consent proceeding, respondent's right to counsel was vindicated where a peace officer provided a telephone, a telephone book, and a reasonable time to contact an attorney.

Reversed.