Mark Joseph STEFANO, Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C0-84-749.

Court of Appeals of Minnesota.

Nov. 6, 1984.

Michael W. McNabb, Burnsville, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Mark Stefano appeals from the trial court's sustaining of the Commissioner of Public Safety's revocation of his driver's license under implied consent proceedings. We affirm.

## FACTS

Stefano was driving a motor vehicle on November 18, 1983, at approximately 2:40 a.m., when he was stopped by a Maplewood police officer. Stefano was seventeen years old, just three weeks away from his eighteenth birthday.

The officer arrested Stefano, advised him of his rights, and took him to the police station. Stefano asked to see his father several times. When asked if he wanted to contact a lawyer, Stefano responded "My father is my lawyer." His father is not a lawyer.

Stefano's requests to see his father continued throughout the reading of the implied consent form. Stefano's father was at the police station by then, alerted by a friend who was in the car at the time of the stop. The officer informed Stefano he could not speak with his father, but that he had the right to contact an attorney or decide himself whether to take the test. Stefano refused to take the test.

The DWI charge was referred to juvenile court. The Commissioner of Public Safety revoked Stefano's driver's license. Stefano petitioned the Ramsey County Municipal Court for review. After a hearing the court sustained the Commissioner's revocation order.

## ISSUE

Is the denial of access to a parent a reasonable ground for a juvenile driver to refuse to take a chemical test under the implied consent law?

## ANALYSIS

Prior to adoption of 1984 Minn.Laws ch. 622, § 10, a driver arrested for DWI had a limited right to consult an attorney before deciding whether to take a chemical test. Minn.Stat. § 169.123, subd. 2(b)(3) (Supp. 1983); *Prideaux v. State, Department of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1976).

A driver could refuse the test on reasonable grounds. Minn.Stat. § 169.123, subd. 6 (Supp.1983). Stefano argues that, as a juvenile driver, he should be entitled to consult with a parent before deciding on the test, equating the advice of a parent to a juvenile to that of an attorney. He argues that the only real opportunity for a minor to exercise his constitutional rights to refuse is to seek the advice of and have access to his parent.

The implied consent statute is a remedial law and is to be liberally construed in the public interest, against the private interests of the driver. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981).

We recognize that our statutes require notification of parents when a juvenile is taken into custody. Minn.Stat. § 260.171, subd. 1 (1982). However, the parents' presence is not required by Section 260.171. It is only one factor to consider in determining whether a minor understood and exercised his rights. *State v. Hogan*, 297 Minn. 430, 440, 212 N.W.2d 664, 671 (1973).

When a juvenile applies for and receives a driver's license, he 'impliedly consents' to the testing requirements, as does any adult. Minn.Stat. § 169.123, subd. 2(a). Adult privileges carry adult responsibilities. The statute does not differentiate on age of the driver. It grants a right to consult only with an attorney, not any person of the driver's choosing.

## DECISION

The decision of the trial court sustaining the revocation of appellant's driver's license is affirmed.

Affirmed.