Gregory CLOUGH, Respondent,

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C4–84–1242.

Court of Appeals of Minnesota.

Jan. 8, 1985.

Michael G. Singer, Singer & Singer, Ltd., Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by CRIPPEN, P.J. and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

The Commissioner of Public Safety appeals from an order of the trial court rescinding the revocation of the respondent's driver's license. The court found that the arresting officer did not vindicate the respondent's right to counsel. We affirm.

## FACTS

On April 22, 1984 at approximately 1:10 a.m., Officer Steven Sizer of the Minneapolis Police Department arrested the respondent for driving while intoxicated and transported him to police headquarters, where he was read the implied consent advisory and was asked whether he wished to consult with an attorney. The respondent indicated that he wished to contact an

attorney, but that he did not have one. After asking the respondent whether he was employed, Officer Sizer told the respondent that he would telephone the Hennepin County Public Defender, but that the public defender probably would not advise him since he was employed. Officer Sizer thereupon telephoned the public defender and left a message with the answering service. This call was made at approximately 1:30 a.m. When the public defender did not return Officer Sizer's call by 1:50 a.m., the officer advised the respondent that he would have to decide himself whether to take the test. The respondent indicated that he would not make that decision without the advice of an attorney, and Officer Sizer determined that this response constituted a refusal.

At approximately 1:58 a.m. a public defender finally returned the telephone call. Officer Sizer told the public defender that he had already considered the respondent's decision a refusal, and asked if the public defender still wished to speak to the respondent. The public defender replied that there was something wrong with his beeper and he did not now wish to speak to the respondent. Sizer hung up the telephone and thus respondent never did speak with the public defender.

Following the aborted telephone call from the public defender, the respondent asked to telephone his parents for the name and number of an attorney. Officer Sizer denied the respondent's request, indicating that the respondent was only allowed to contact an attorney and that he had already considered the respondent's decision a refusal.

The respondent's driver's license was revoked and he requested judicial review. A referee of the district court rescinded the revocation, determining that the respondent had not been given a reasonable time to contact an attorney and that Officer Sizer had not adequately assisted in vindicating the respondent's right to counsel. That rescission order was signed by a judge. The Commissioner has appealed.

## ISSUES

1. Does the limited statutory right to counsel require that a driver be allowed to contact a family member to obtain the name and telephone number of an attorney?

2. On these facts, did Officer Sizer adequately assist in vindicating respondent's limited right to counsel?

## ANALYSIS

■ On the date of the respondent's arrest the implied consent statute (the recent amendment taking away the limited right to counsel prior to testing is not in issue) provided:

> At the time a chemical test specimen is requested, the person shall be informed: * * * that the person has a right to consult with an attorney but that this right is limited to the extent that it cannot unreasonably delay administration of the test or the person will be deemed to have refused the test;

Minn.Stat. § 169.123 subd. 2(b)(3) (Supp. 1983). In *Prideaux v. State, Department of Public Safety,* 310 Minn. 405, 247 N.W.2d 385 (1976) our supreme court explained the nature of this limited right:

> The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel. If counsel cannot be contacted within a reasonable time, the person may be required to make a decision regarding testing in the absence of counsel.

*Id.* at 421, 247 N.W.2d at 394.

The trial court determined that this limited right to counsel can require that a driver be allowed to contact a family member to obtain the name and telephone number of an attorney. Specifically, the court concluded:

> The statutory right to consult with an attorney does not preclude a driver's use of the telephone to contact a family member or friend to obtain the name and number of an attorney, provided that such use does not unreasonably delay the

administration of the test. Such use would most likely facilitate the contacting of an attorney rather than requiring the driver to search through the 49-page Attorney section of the Minneapolis Yellow Pages.

We agree with the trial court's determination. We have considered our recent decision of *Stefano v. Commissioner of Public Safety,* 358 N.W.2d 83 (Minn.Ct.App. 1984). In *Stefano* we addressed the issue of whether a juvenile should be allowed to contact his parents before deciding whether to submit to testing:

> When a juvenile applies for and receives a driver's license, he 'impliedly consents' to the testing requirements, as does any adult. Minn.Stat. § 169.123, subd. 2(a). Adult privileges carry adult responsibilities. The statute does not differentiate on age of the driver. It grants a right to consult only with an attorney, not any person of the driver's choosing.

*Id.,* at 85. The *Stefano* case may be distinguished from the present situation, however, since in *Stefano* the driver simply wanted to contact his parents instead of an attorney. Here, on the other hand, the record indicates that the respondent asked to call his parents not for legal advice, but to find out the name of an attorney. As the trial court concluded, this request falls within the purview of the vindication of a person's right to counsel contemplated by *Prideaux.*

 The Commissioner argues that it was unnecessary to allow the respondent to telephone his parents because he had already been provided with the opportunity to speak with a public defender. We disagree with the Commissioner's position. Through no fault of his own, the respondent used up 20 minutes waiting for a phone call which did not come until after Officer Sizer had determined it was too late. This situation is thus distinguishable from the case of *Butler v. Commissioner of Public Safety,* 348 N.W.2d 827 (Minn.Ct. App.1984), where a public defender did return the officer's phone call and spoke to the driver, although refusing to advise him whether or not to take the test. The facts of the present case may also be distinguished from those in *Eveslage v. Commissioner of Public Safety,* 353 N.W.2d 623 (Minn.Ct.App.1984), where the driver attempted to call his own attorney but was unsuccessful. Here the respondent did not initially choose to call the public defender; rather he acquiesced in the officer's suggestion and then requested the call to the public defender. Under these circumstances, where the respondent did not initially ask to call the public defender, and where he never had the opportunity to actually speak to him, we find that he should have been allowed to contact his parents to obtain the name of another attorney. Under the totality of the facts of this case, we do not find that the trial court clearly erred in rescinding respondent's license revocation.

### DECISION

The trial court's order rescinding the revocation of the respondent's driver's license is affirmed.

AFFIRMED.