**Raymond C. DUFLOTH, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C4-92-685.

Court of Appeals of Minnesota.

Nov. 17, 1992.

Review Denied Dec. 15, 1992.

Jeffrey B. Ring, Allan H. Caplan & Associates, P.A., Minneapolis, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey Lebowski, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The Commissioner of Public Safety appeals from a trial court order rescinding revocation of respondent Raymond Dufloth's driving privileges. The trial court held that the implied consent advisory improperly failed to inform respondent of the right to consult an attorney after he was tested for alcohol concentration. We reverse.

## FACTS

On December 14, 1991, a police officer arrested Raymond Dufloth under Minn. Stat. § 169.121, subd. 1(a) (Supp.1991), for driving under the influence of alcohol. The officer read Dufloth an advisory informing him of his right to consult an attorney *before* deciding whether or not to submit to testing of his alcohol concentration level. Paragraph six of the advisory read to Dufloth stated:

> Before making your decision about testing, you have the right to consult with an attorney. If you wish to do so, a telephone will be made available to you. If you are unable to contact an attorney, you must make the decision on your own. You must make your decision within a reasonable time.

Dufloth consented to a breath test, stating he did not wish to invoke his right to counsel "at this hour." After the breath test, Dufloth did not exercise his right to additional tests.

Based on the test result, the Commissioner of Public Safety revoked Dufloth's driving privileges under Minn.Stat. § 169.123, subd. 4 (Supp.1991). On December 20, 1991, Dufloth filed a petition for judicial review. On March 10, 1992, the trial court filed an order rescinding the Commissioner's revocation of Dufloth's driving privileges. In the court's view, Minn.Stat. § 169.123, subd. 2(b)(6) (Supp.1991), required police officers, in 1991, to apprise drivers of their post-testing right to consult with an attorney in addition to the revised advisory's requirement—pursuant to a recent supreme court decision—that police inform individuals of an earlier (pretesting) right to counsel. On April 9, 1992, the Commissioner filed this appeal.

## ISSUE

Did the trial court err in holding that Minn.Stat. § 169.123, subd. 2(b)(6) (Supp.

1991), in 1991, required police to inform drivers of their post-testing right to counsel in addition to informing drivers of the right to consult an attorney even before submitting to testing for alcohol concentration pursuant to the supreme court's mandate in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991)?

## ANALYSIS

█ When facts are not in dispute, this court may undertake a de novo review in determining whether the trial court erred in applying the law. *Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992). In particular, independent review is appropriate when appeal is taken from a decision applying a statute to undisputed facts. *See id.*

█ In *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 832–34 (Minn.1991), the supreme court held that denying individuals access to counsel when they were deciding whether to submit to chemical testing violated Article I, Section 6, of the Minnesota Constitution; the supreme court held that the decision to submit to testing is a "critical stage" in criminal proceedings.

Dufloth was advised of the right to counsel before testing, thereby satisfying *Friedman*. The trial court held, however, that a provision of the implied consent statute in effect at the time of Dufloth's arrest required more. The statute then read:

(b) At the time a test is requested, the person shall be informed:

\*　　\*　　\*　　\*　　\*　　ｆ

(6) that *after submitting to testing*, the person has the right to consult with an attorney and to have additional tests made by someone of the person's own choosing.

Minn.Stat. § 169.123, subd. 2(b)(6) (Supp. 1991) (emphasis added). The trial court ruled that the advisory given Dufloth was improper because it did not inform him of his right to consult an attorney "after submitting to testing." The Commissioner argues in response that the advisory here was adequate because under *Friedman* the

right to counsel attaches earlier, when deciding whether to submit to testing, and the advisory informed Dufloth of that right.

This court decided this very question in *Przymus v. Commissioner of Pub. Safety*, 488 N.W.2d 829, 833 (Minn.App.1992), *pet. for rev. denied* (Minn. Sept. 15, 1992), the first case to address the issue of post-testing rights in the aftermath of *Friedman*. In *Przymus*, we held:

> *Friedman* did not establish an additional right to counsel; it specified when the existing right to counsel attached. *Friedman* does not require that an officer advise a driver of the right to counsel before testing and advise the driver of the same right once again after testing.

*Id.* *Przymus* was rightly decided. Once police inform a driver of a pretesting right to counsel, as the officer did here, there is no reason for the driver to assume the right will evaporate upon taking a test for alcohol concentration. In fact, in this case, Dufloth's response on the advisory form, that he did not wish to consult an attorney "at this hour," suggests he understood that his right to counsel continued. The advisory given served perfectly well as a notice of his continuing right to counsel at each critical stage.

The trial court gave an unnecessarily literal reading to Minn.Stat. § 169.123, subd. 2(b)(6), as it stood for a number of months, during which period Dufloth was read the advisory. In 1991 the legislature amended section 169.123 in various ways to comport with several supreme court rulings on constitutional requirements, including the *Friedman* case. Overlooked in this revision was the "after submitting to testing" provision, made superfluous by *Friedman*. But once Przymus and others began challenging driver license revocations by asserting failure to advise of their statutory post-testing right to counsel, the legislature was alerted to the appropriateness of deleting the phrase "after submitting to testing," and it did so. The statute now simply reads, "the person has the right to consult with an attorney." 1992 Minn. Laws ch. 570, § 16.

The relationship between the judicial and legislative branches is distorted when the judicial branch insists on giving a literal reading to a statute that obviously involves a legislative oversight. The legislature has explicitly declared its desire for assistance in such a circumstance, stating that "[t]he legislature does not intend a result that is absurd, impossible of execution, or *unreasonable.*" Minn.Stat. § 645.17(1) (1990) (emphasis added). The legislature clearly did not intend the unreasonable result reached by the trial court in this case.

Further, to read the statute as Dufloth urges would convert the "after submitting" language from a limitation on rights to an extension of rights. We hold, therefore, that the advisory read to Dufloth adequately apprised him of his right to counsel.

We note also that the supreme court has held that the implied consent statute is remedial in nature and intended to be "liberally interpreted in favor of the public interest and against the private interests of the drivers involved." *State, Dept. of Pub. Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981).

### DECISION

Minn.Stat. § 169.123, subd. 2(b)(6) (Supp. 1991), should not be interpreted as requiring police to advise drivers, who have been told of the pretest right to talk to a lawyer, that they also have a post-testing right to counsel. The trial court erred in rescinding the Commissioner's revocation of Dufloth's driving privileges.

Reversed.

PARKER, Judge (dissenting).

I respectfully dissent. The supreme court, in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 832–34 (Minn.1991), held that a constitutional right to counsel attaches when one must decide whether to submit to testing, but the court neither held the statutory post-testing right superfluous nor held it inconsistent with the constitutional right.

No inherent inconsistency exists in having a constitutional pretesting right to counsel as well as a statutory post-testing right. They serve different purposes; an individual may not perceive a need to consult an attorney until after receiving the test results. Moreover, one may well need an attorney to carry out the right to a second test.

Even if it were shown that the purpose behind the statutory post-testing right to counsel ceased to exist after *Friedman*, it is not within this court's province to ignore the clear, mandatory directive of Minn.Stat. § 169.123, subd. 2(b)(6) (1991), which provides for a right to consult an attorney after testing. The legislature has given us a specific rule applicable: "A law shall not be deemed repealed because the reason for its passage no longer exists." Minn.Stat. § 645.40 (1990).

The majority quote the *Przymus* decision for the proposition that

> *Friedman* does not require that an officer advise a driver of the right to counsel before testing and advise the driver of the same right once again after testing.

*Przymus v. Commissioner of Pub. Safety*, 488 N.W.2d 829 (Minn.App.1992), *pet. for rev. denied* (Minn. Sept. 15, 1992). While that is doubtless true, the *statute* still required the driver to be advised (*whenever* the advisory was given) that he had, after submitting to testing, a right to consult counsel about additional testing—at least until the legislature deleted the phrase. While the legislature *has* made the change, it is its exclusive authority to do so, there being no constitutional principle asserted in this case. *Przymus* does not control here, since it did not reach the narrow issue resulting from the *Friedman* court's finding of a constitutionally mandated pretesting right to counsel not satisfied by the legislatively mandated post-testing right.

The Commissioner arrogated unto himself the authority to cobble together an advisory which would recognize the constitutional principle established in *Friedman* but which ignored the subsisting statutory language—anticipating the amendment adopted some time later. The trial court

observed that, in the interim, drivers had a right to be advised of both the constitutional right and the statutory right to counsel. I would affirm.