**STATE of Minnesota, Respondent,**

v.

**Tony B. KARAU, Appellant.**

No. C6-92-1403.

Court of Appeals of Minnesota.

Feb. 23, 1993.

Considered and decided by HUSPENI, P.J., PETERSON and FOLEY *, JJ.

## OPINION

HUSPENI, Judge.

Appellant seeks reversal of a judgment of conviction for DWI under Minn.Stat. § 169.121, subd. 1(c) (1990), alleging that the trial court erred in failing to suppress the results of appellant's breath test. We reverse.

## FACTS

Appellant Tony Karau was stopped in the early morning hours of December 24, 1991, after police received a call that someone had driven off the road and damaged a fence. After failing the field sobriety tests and a preliminary breath test, Karau was arrested and taken to the police station where he was read the implied consent advisory.

When Karau was asked if he wished to talk to an attorney, he said, "Yes," and then asked if he could call his parents to get the name of their lawyer. The police officer told Karau he had a right only to call an attorney, and did not allow him to call his parents. Although the dispatch call was broadcast at 3:00 a.m., the record indicates Karau was not stopped until about 3:20 a.m. The implied consent advisory was completed at 4:07 a.m.

Karau agreed to take a breath test, although he was uncooperative on his first attempt and the test was stopped. He then gave an adequate breath sample, which was tested at .13 alcohol concentration. Karau moved to suppress the test on the grounds that he was denied his right to contact counsel before deciding whether to submit to testing, as well as his right to a post-test consultation. The trial court denied the motion, and Karau was convicted and sentenced for DWI.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Daniel A. Birkholz, Watonwan County Atty., Todd L. Kosovich, Asst. County Atty., St. James, for respondent.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUE

Did the trial court err in failing to suppress the test?

## ANALYSIS

■ Karau argues he was denied his right to consult an attorney before deciding whether to submit to testing. *See Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991) (under Minn. Const. art. I, § 6, an individual has a right upon request to a reasonable opportunity to obtain legal advice before submitting to chemical testing). He contends the officer failed to vindicate this right when he refused to allow Karau to call his parents to obtain the name of their attorney.

In *Clough v. Commissioner of Pub. Safety,* 360 N.W.2d 428, 429–30 (Minn.App. 1985), this court held that, to vindicate the then-existing statutory right to counsel, police were required to allow the driver "to contact a family member to obtain the name and telephone number of an attorney." The officer in *Clough* had telephoned the public defender for Clough. When the public defender had not returned the call by the time the officer required Clough to make a decision, Clough asked to call his parents for the name and telephone number of an attorney. *Id.* at 429. The officer refused, and the trial court rescinded the revocation. *Id.*

The circumstances of this case are even more compelling than those in *Clough* to allow the driver to telephone his parents. The police officer did not first call the public defender on behalf of the driver. *Cf. id.* Karau made it clear, as did the driver in *Clough,* that he wanted to call his parents only to get the name and telephone number of an attorney. *See id.*

The state cites *Stefano v. Commissioner of Public Safety,* 358 N.W.2d 83, 85 (Minn. App.1984), which held that a juvenile driver was not entitled to contact his parents before deciding on testing. However, *Stefano* was distinguished in *Clough. Clough,* 360 N.W.2d at 430. *Stefano* involved an attempt by the juvenile driver to get advice from parents, not to obtain the name and phone number of an attorney. A phone call for parental advice may reasonably be seen as an attempt to delay, when the driver is told he has only the right to contact counsel. However, Karau's proposed call was only a means to the proper end of contacting an attorney.

The supreme court, in recognizing a state constitutional right to counsel in *Friedman,* stated "that the evanescent nature of the evidence in DWI cases requires that the accused be given a limited amount of time in which to contact counsel." *Friedman,* 473 N.W.2d at 835. The court then quoted the following language from a 1976 decision outlining the scope of the then-existing statutory right to counsel:

> The person must be informed of this right, and police officers must assist in its vindication. The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel.

*Prideaux v. State, Dep't of Pub. Safety,* 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976), *quoted in Friedman,* 473 N.W.2d at 835.

*Friedman* strongly implied that the scope of the state constitutional right would be the same as that of the former statutory right. *See Friedman,* 473 N.W.2d at 835. The supreme court has recently stated:

> In *Friedman,* we contemplated that the case law we developed following *Prideaux,* which based the limited right to counsel on statute, would be followed in applying *Friedman,* which based the right on the state constitution.

*Commissioner of Pub. Safety v. Campbell,* 494 N.W.2d 268 (Minn.1992). This court has also indicated that the case law on the *Prideaux* right to counsel should be used as a guideline in applying *Friedman. Kuhn v. Commissioner of Pub. Safety,* 488 N.W.2d 838, 841 (Minn.App.1992), *pet. for rev. denied* (Minn. Oct. 20, 1992).

■ Thus, we conclude that *Clough* should be applied to the *Friedman* constitutional right to counsel. We decline to limit *Clough* to DWI arrests in metropoli-

tan areas, as suggested by the state. A driver under *Friedman* has a right only to a reasonable time to contact counsel. *Friedman*, 473 N.W.2d at 835. However, the delay involved in this case, up to the time Karau's request was denied, is comparable to that involved in *Clough*. *See Clough*, 360 N.W.2d at 428–29 (driver refused testing 40 minutes after the stop and then asked to call parents). Karau's request to contact his parents to obtain their attorney's name did not threaten to unreasonably delay the administration of the test.

Karau challenges the omission from the implied consent advisory of the statutory right to counsel following testing. We need not address this issue, except to note it has been decided. *Dufloth v. Commissioner of Pub. Safety*, 492 N.W.2d 277, 279 (Minn.App.1992), *pet. for rev. denied* (Minn. Dec. 15, 1992); *Przymus v. Commissioner of Pub. Safety*, 488 N.W.2d 829, 833 (Minn.App.1992), *pet. for rev. denied* (Minn. Sept. 15, 1992).

### DECISION

The trial court erred in refusing to suppress the breath test.

Reversed.