Gregory T. MULVANEY, Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C7–93–934.

Court of Appeals of Minnesota.

Dec. 7, 1993.

Douglas H.R. Olson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and KALITOWSKI and FOLEY,* JJ.

## OPINION

KALITOWSKI, Judge.

Gregory T. Mulvaney appeals from the district court order that sustained the revocation of his driving privilege, contending he was denied his right to consult with an attorney before making a decision concerning chemical testing.

## FACTS

On July 31, 1992, appellant Gregory T. Mulvaney was arrested for driving while under the influence. Appellant testified that on the way to the police department the arresting officer asked him if he was going to cooperate. Appellant told him he would be willing to take the test if his lawyer so advised. At the station, the officer read the Minnesota Implied Consent Advisory to appellant. When asked if he would like to consult with an attorney, appellant responded that he would.

The officer gave appellant the telephone directory at approximately 12:22 a.m. Appellant told the officer he wanted a particular attorney. The officer would not allow appellant to use the phone himself. Appellant looked up the attorney's number and read it to the officer. The officer dialed the number, let the phone ring approximately 12 times, and hung up.

Appellant again asserted that he wanted that particular attorney. The officer responded that the attorney probably was not in his office at that hour and suggested that appellant try another attorney. The officer testified that appellant just "stared ahead." Appellant, however, testified that he responded he did not want another attorney.

The officer asked appellant whether he wanted to take the breath test, and appellant

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

answered, "noper." The officer completed the implied consent advisory at 12:28 a.m. and indicated on his report that appellant refused to take the test.

Appellant subsequently filed an implied consent petition. The district court found that the police officer acted reasonably and sustained the revocation of appellant's driving privileges. This appeal followed.

## ISSUES

1. Is a driver's right to counsel vindicated when the police officer retained control of the telephone and dialed the requested number on behalf of the driver?

2. Was six minutes a reasonable amount of time to contact an attorney where the officer made only one attempt to contact the attorney requested by the driver?

## ANALYSIS

■ Drivers have a limited right to counsel before making a decision whether to submit to chemical testing. Minn. Const. art. I, § 6; *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991). A driver has a "'right to consult with a lawyer of his own choosing.'" *Id.* (quoting *Prideaux v. State, Dep't of Pub. Safety,* 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976)). In *Friedman,* the court stated that *Prideaux*'s dictum clarified the constitutional rights of drivers in this situation. *Id.* at 836. Therefore, this court has looked to *Prideaux* and its progeny to define the parameters of this limited constitutional right.

■ Police officers must assist in the vindication of the right to counsel. *Friedman,* 473 N.W.2d at 835 (quoting *Prideaux,* 310 Minn. at 421, 247 N.W.2d at 394). If a driver is provided with a telephone before testing and given a reasonable time to contact and talk with counsel, the right to counsel is vindicated. *Id.* Whether a driver was afforded a reasonable opportunity to consult with an attorney before submitting to chemical testing is a question of law, which this court reviews de novo. *Kuhn v. Commissioner of Pub. Safety,* 488 N.W.2d 838, 840 (Minn.App.1992), *pet. for rev. denied* (Minn. Oct. 20, 1992).

## I.

■ Minnesota courts have consistently held that a telephone must be provided before a driver makes a decision concerning chemical testing. *Friedman,* 473 N.W.2d at 835 (quoting *Prideaux,* 310 Minn. at 421, 247 N.W.2d at 394); *see, e.g., Kuhn,* 488 N.W.2d at 841.

Here, appellant was not allowed to personally use the telephone. The arresting officer testified that he had a policy never to let drivers use the telephone themselves for fear they would hold up the process by calling friends or family.

■ Drivers, however, may call family members to obtain an attorney's name and number. *Clough v. Commissioner of Pub. Safety,* 360 N.W.2d 428, 430 (Minn.App.1985). They may not call family members for advice. *Stefano v. Commissioner of Pub. Safety,* 358 N.W.2d 83, 85 (Minn.App.1984). The officer's rationale, therefore, appears unfounded.

Moreover, the officer could avoid potential delays by less severe methods such as simply telling the driver to use the telephone only to contact a lawyer. We hold that, absent extraordinary circumstances, drivers must be permitted to personally use the phone when trying to obtain counsel.

## II.

■ A driver must also be given a reasonable time to contact an attorney. *Friedman,* 473 N.W.2d at 835 (quoting *Prideaux,* 310 Minn. at 421, 247 N.W.2d at 394). Reasonable time is not based on elapsed minutes alone. *Kuhn,* 488 N.W.2d at 842. This court takes into consideration a driver's diligent exercise of the right to counsel and a police officer's duty to vindicate that right. *Id.*

■ The first question is whether appellant made a good faith and sincere effort to reach an attorney. *Id.* Appellant asserted that he wanted to contact a particular attorney. After the officer dialed the phone and got no answer, appellant again stated that he wanted that attorney, but the officer did not redial. If a driver tries to call an attorney

**182**

but is unsuccessful and does not want another attorney, the driver's limited right to counsel has been vindicated. *Eveslage v. Commissioner of Pub. Safety,* 353 N.W.2d 623, 627 (Minn.App.1984). In this case, however, it is impossible to ascertain whether appellant made a good faith effort to contact the attorney. We can only speculate as to what appellant would have done had he been given the opportunity to use the telephone.

The next question is whether the officer complied with his duty to vindicate the right to counsel. *Kuhn,* 488 N.W.2d at 842. The officer phoned the attorney only once. Appellant repeated that he wanted that attorney, but rather than attempting to contact the attorney again, the officer told appellant to try another attorney. Under these facts, we find that the officer did not fulfill his duty to vindicate appellant's right to counsel. Here, six minutes was not a reasonable time to obtain an attorney where the officer made only one attempt to reach the attorney requested by the driver.

### DECISION

The district court erred by sustaining the revocation of appellant's driving privilege. Appellant's right to counsel was not vindicated where he was not provided with personal access to a telephone and where the police officer made only one attempt to reach the requested attorney during a six-minute time period.

**Reversed.**