**STATE of Minnesota, Respondent,**

v.

**Todd James CHRISTIANSEN, Appellant.**

No. C2–93–1490.

Court of Appeals of Minnesota.

April 19, 1994.

Review Denied June 15, 1994.

Samuel A. McCloud, Chanhassen, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Leif A. Nelson, Lano, Nelson, O'Toole & Fecker, Ltd., Grand Rapids, for respondent.

Considered and decided by ANDERSON, C.J., and SHORT and KLAPHAKE, JJ.

## OPINION

ANDERSON, Chief Judge.

Appellant Todd Christiansen was arrested for driving while under the influence. The arresting officer read him the implied consent advisory and Christiansen agreed to take a blood alcohol concentration test. Christiansen later moved to suppress the results of the test on the ground that his right to counsel was violated. The trial court denied Christiansen's motion. Christiansen then waived a jury trial and agreed to proceed pursuant to *State v. Lothenbach,* 296 N.W.2d 854, 858 (Minn.1980). Christiansen was convicted of violating Minn.Stat. § 169.-121, subd. 1(e) (1992). He appeals, and we affirm.

## FACTS

In the early morning hours of April 13, 1993, a police officer arrested appellant Todd Christiansen, age 20, for DWI. The officer read the implied consent advisory to Christiansen in the squad car at 1:47 a.m. Christiansen said he wanted to contact an attorney and the officer transported Christiansen to the county jail.

At 1:59 a.m., while at the jail, the officer gave Christiansen a telephone book and a telephone and showed him the attorney section of the yellow pages. The officer told Christiansen to pick an attorney if he wanted to call one. Christiansen said he did not

know whom to call, was not from the area, and did not know any attorneys.

The officer reread the portion of the implied consent advisory regarding attorneys several times. It appeared to the officer that Christiansen was having trouble understanding what was taking place. Christiansen told the officer a number of times he could not call an attorney because he did not know any. The officer told Christiansen he did not have to know an attorney in order to call one, and that it was an option he had. Christiansen stated that he wanted to call his parents, who lived in Wisconsin. The officer advised him he could not call his parents at that time, and that he would have to call an attorney first. The officer told Christiansen that he could call a Wisconsin attorney if he wished.

Christiansen testified at trial that he wanted to call his parents because he did not know any attorneys and was not sure what to do. He testified that he was going to call his parents to ask for the name of an attorney, but he acknowledged that he did not tell the officer he wanted to call them for that purpose. He also testified that he wanted to call his parents to find out whether he should call an attorney.

At 2:10 a.m., Christiansen decided he did not wish to talk to an attorney. He agreed to take a blood test, which revealed an alcohol concentration of .23.

Christiansen moved to suppress the blood alcohol concentration test results, contending that his right to counsel had been violated because the police did not allow him to contact his parents to obtain the name of an attorney. The trial court denied the motion, after which Christiansen waived a jury trial and agreed to proceed pursuant to *State v. Lothenbach*, 296 N.W.2d 854, 858 (Minn. 1980). The court considered the police report, which the parties agreed to submit in lieu of testimony by the officer, as well as Christiansen's testimony. The court concluded that Christiansen waived his right to

contact an attorney and that the officer did not interfere by refusing to allow him to call his parents. The conviction for violation of Minn.Stat. § 169.121, subd. 1(e) followed, and Christiansen appeals.

## ISSUE

Was Christiansen's right to counsel violated when a police officer denied Christiansen's request to contact his parents?

## ANALYSIS

■ A driver has the right to consult with counsel prior to deciding whether to submit to chemical testing. *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 835 (Minn.1991). A police officer must provide drivers a telephone and a reasonable amount of time to contact and to talk with counsel to vindicate that right. *Id.* Christiansen makes several arguments in support of his claim that his right to counsel was violated.

■ Christiansen argues that the trial court erred in its findings.[1] Findings of fact will be reversed if clearly erroneous. *See State v. Storvick*, 428 N.W.2d 55, 58 n. 1 (Minn.1988). If the facts are undisputed, this court will determine as a matter of law whether Christiansen was denied his right to counsel. *Id.; Kuhn v. Commissioner of Pub. Safety*, 488 N.W.2d 838, 840 (Minn.App.1992), *pet. for rev. denied* (Minn. Oct. 20, 1992). As will be discussed below, the pertinent facts are undisputed.

■ Christiansen claims that he was erroneously informed of his rights because the police officer did not explicitly inform him that he could contact his parents to obtain the name of an attorney. We disagree. The implied consent law does not require that officers provide this advice. *See* Minn.Stat. § 169.123, subd. 2(b) (1992). An officer is not required to give any more advice than is mandated by law. *Saxton v. Commissioner of Pub. Safety*, 355 N.W.2d 769, 771 (Minn. App.1984).

1. Christiansen argues that this court may ignore the trial court's findings because the police report is documentary evidence. *State v. Powell*, 357 N.W.2d 146, 149 (Minn.App.1984), *pet. for rev. denied* (Minn. Jan. 15, 1985). Under the current law, however, a trial court's findings of fact, even as to documentary evidence, will not be set aside unless clearly erroneous. *First Trust Co. v. Union Depot Place Ltd. Partnership*, 476 N.W.2d 178, 181 (Minn.App.1991), *pet. for rev. denied* (Minn. Dec. 13, 1991); Minn.R.Civ.P. 52.-01.

■ Christiansen further argues that considering the totality of the circumstances, the officer should have realized that he wanted to contact his parents in order to obtain the name of an attorney. It is undisputed that Christiansen did not explicitly tell the officer he wanted to contact his parents to obtain the name of an attorney. Christiansen argues that the officer should have known he wanted to obtain counsel through his parents because he told the officer he wanted to contact an attorney, he was having trouble understanding what was taking place, he was not from the local area, and he did not know any attorneys.

■ This court has addressed the issue of whether police must allow drivers to use the telephone to call their parents in order to vindicate their right to counsel. In determining whether a police officer must permit such a call, this court has examined the purpose for the call. *See Mulvaney v. Commissioner of Pub. Safety,* 509 N.W.2d 179, 181 (Minn.App.1993). Police officers must permit drivers to contact a family member to obtain an attorney's name and telephone number. *State v. Karau,* 496 N.W.2d 416, 418 (Minn.App.1993); *Clough v. Commissioner of Pub. Safety,* 360 N.W.2d 428, 430 (Minn.App.1985). But police officers need not permit a driver, even if he is a juvenile, to call a parent merely to obtain advice. *Stefano v. Commissioner of Pub. Safety,* 358 N.W.2d 83, 84–85. (Minn.App.1984).

In *Karau* and *Clough,* this court relied heavily on the fact that the drivers in those cases specifically told the officers that they wanted to contact their parents for the purpose of obtaining the name of an attorney. *Karau,* 496 N.W.2d at 418; *Clough,* 360 N.W.2d at 430. *Clough* specifically distinguished *Stefano* on the basis that the driver in *Stefano,* 358 N.W.2d at 84, wanted to contact his father for advice, not for the name of an attorney. *Clough,* 360 N.W.2d at 430. Similarly, in this case, Christiansen simply told the officer he wanted to call his parents. Unlike *Clough* and *Karau,* Christiansen did not tell the officer he wanted to obtain the name of an attorney from his parents. This is the crucial element missing from this case. Under the relevant law, Christiansen's right to counsel was not violated.

## DECISION

The trial court did not err in admitting the results of the alcohol concentration test, and the conviction is affirmed.

**Affirmed.**

KLAPHAKE, Judge (dissenting).

I respectfully dissent.

After receiving the advisory, Christiansen told the officer that he was not from the area, that he did not know any attorneys, and that he did not know whom to call. Christiansen then asked to call his parents. The total time lapse between the advisory and Christiansen's agreement to testing was some 23 minutes.

I believe this case is controlled by *State v. Karau,* 496 N.W.2d 416 (Minn.App.1993). There, the driver said that "he wanted to call his parents only to get the name and telephone number of an attorney." *Id.* at 418. This court held that a driver, in exercising the limited right to counsel, may contact a family member for such information so long as the administration of the test is not unreasonably delayed. *Id.* at 418–19. Here, the officer improperly refused to allow Christiansen to call his parents for information about an attorney where the requested call would not have caused any unreasonable delay in testing. *See id.* at 419 (47 minute delay not unreasonable). In my opinion, the officer did not vindicate Christiansen's right to counsel. Accordingly, I would follow *Karau* and would reverse the conviction.