*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1541**

Hunter Daniel Hanlon, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 10, 2015
Affirmed
Johnson, Judge**

Scott County District Court
File No. 70-CV-14-1810

Max A. Keller, Keller Law Offices, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Johnson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

The commissioner of public safety revoked Hunter Daniel Hanlon's driver's license after he was arrested for driving while impaired and a breath test showed that his alcohol concentration exceeded .08. Hanlon sought judicial review of the commissioner's revocation, arguing that his limited right to counsel was not vindicated

before he was required to decide whether to submit to a breath test. The district court denied Hanlon's petition to rescind the revocation. We conclude that Hanlon's limited right to counsel was vindicated and, therefore, affirm.

## FACTS

At 2:30 a.m. on January 1, 2014, Office Bryce Schuenke of the Prior Lake Police Department stopped Hanlon's vehicle for a moving violation. During the stop, Officer Schuenke noticed indicia of impairment, suspected Hanlon of driving while impaired (DWI), and conducted a road-side investigation. Officer Schuenke arrested Hanlon for DWI and transported him to the police station.

At the police station, Officer Schuenke read Hanlon the implied-consent advisory, which informed him that refusal to submit to chemical testing is a crime and that he had a limited right to consult with an attorney. Hanlon said that he understood the advisory and wished to consult with an attorney. Officer Schuenke provided him with a telephone and multiple telephone books at 3:20 a.m. Hanlon waited for about ten minutes and then called his father, who is not an attorney. Hanlon's father did not answer Hanlon's first call but answered when Hanlon called again a few minutes later. The two men spoke for a few minutes. Hanlon's father said that he would try to find an attorney and then called his wife for assistance.

Hanlon later called his father a third time. Hanlon's father spoke directly with Officer Schuenke. Hanlon's father then spoke with Hanlon and told him that he should take the breath test. Hanlon's father discontinued his efforts to find an attorney. Hanlon's father later testified that Officer Schuenke said to him that the time for

2

consulting with an attorney was ending, so he told his son to take the test because he was "fearful of any other things that could happen if [Hanlon] didn't." Hanlon agreed to take a breath test at 3:51 a.m. The test revealed an alcohol concentration of .20.

The commissioner of public safety revoked Hanlon's driver's license. *See* Minn. Stat. § 169A.52, subd. 4(a) (2014). Hanlon petitioned the district court for judicial review of the commissioner's revocation. The district court held a hearing on the petition in May 2014. The sole issue at the hearing was whether Hanlon's limited right to counsel was vindicated. The commissioner called Officer Schuenke as a witness; Hanlon and his father testified on his behalf. The district court found that Hanlon's limited right to counsel was vindicated. Accordingly, the district court denied Hanlon's petition and sustained the revocation of his license. Hanlon appeals.

## D E C I S I O N

Hanlon argues that the district court erred by concluding that his limited right to counsel was vindicated. Specifically, Hanlon argues that Officer Schuenke violated his limited right to counsel when he "prematurely cut off" Hanlon's consultation time.

A driver who is suspected of driving while impaired has a limited right to consult with an attorney before deciding whether to submit to chemical testing. *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 835 (Minn. 1991) (citing Minn. Const. art. I, § 6). The driver's limited right to consult with an attorney before testing is "vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel." *Id.* (quotation omitted). If the driver is unable to consult with an attorney within a reasonable time, "the person may be required

3

to make a decision regarding testing in the absence of counsel." *Id.* (quotation omitted). This court applies a clear-error standard of review to the district court's factual findings and a *de novo* standard of review to a district court's conclusion as to whether a driver's limited right to counsel was vindicated. *State v. Christiansen*, 515 N.W.2d 110, 112 (Minn. App. 1994), *review denied* (Minn. June 15, 1994).

In deciding whether a driver's limited right to counsel was vindicated, a court should consider the totality of the circumstances surrounding the implied-consent advisory and the driver's opportunity to consult with an attorney. *Mell v. Commissioner of Pub. Safety*, 757 N.W.2d 702, 713 (Minn. App. 2008). The caselaw has recognized a few factors that generally are relevant to the question whether a driver was given a reasonable opportunity to consult with counsel: whether the driver made a good-faith and sincere effort to reach an attorney, the time of day when the driver attempted to contact an attorney, and the length of time the driver had been under arrest when his consultation time was ended. *See Palme v Commissioner of Pub. Safety*, 541 N.W.2d 340, 345 (Minn. App. 1995), *review denied* (Minn. Feb. 27, 1996); *Kuhn v. Commissioner of Pub. Safety*, 488 N.W.2d 838, 842 (Minn. App. 1992), *review denied* (Minn. Oct. 20, 1992).

In this case, the totality of the circumstances supports the district court's conclusion that Hanlon's limited right to counsel was vindicated. The most significant factor is the relatively generous amount of time that Hanlon was given to consult with an attorney. Officer Schuenke allowed Hanlon 31 minutes before requiring him to decide whether to submit to chemical testing. Hanlon's consultation time is similar to the amounts of time in prior cases in which we have concluded that the limited right to

4

counsel was vindicated. *See Gergen v. Commissioner of Pub. Safety*, 548 N.W.2d 307, 310 (Minn. App. 1996) (36 minutes), *review denied* (Minn. Aug. 6, 1996); *Palme*, 541 N.W.2d at 342, 345 (29 minutes). Hanlon's consultation time is not as limited as the amounts of time in prior cases in which we have concluded that the limited right to counsel was *not* vindicated. *See Kuhn*, 488 N.W.2d at 842 (24 minutes); *Davis v. Commissioner of Pub. Safety*, 509 N.W.2d 380, 385 (Minn. App. 1993) (23 minutes), *aff'd*, 517 N.W.2d 901 (Minn. 1994).

We recognize, of course, that a proper analysis must be based on the totality of the circumstances, not "on elapsed minutes alone." *Mell*, 757 N.W.2d at 713. Accordingly, we consider whether additional time likely would have allowed Hanlon to actually contact and consult with an attorney. The evidence in the record suggests that Hanlon was not making meaningful progress in contacting an attorney and was not close to making contact with an attorney. After 31 minutes, he had made contact only with his father, his father had made contact only with his wife, and she had not made contact with any other person and had not even identified a particular attorney. Nothing in the record indicates that a reasonable amount of additional time likely would have resulted in consultation with an attorney. Rather, the record indicates that Hanlon and his family would have needed an unreasonable amount of time to identify and make contact with an attorney and arrange for a consultation with Hanlon. The expected benefit of additional time is a relevant factor because the caselaw recognizes that "police officers must be allowed to return to the streets to serve the public interest." *See Parsons v. Commissioner of Pub. Safety*, 488 N.W.2d 500, 502 (Minn. App. 1992). This

5

consideration is especially important during the wee hours of New Years' Eve. Thus, the district court's conclusion that Hanlon's limited right to counsel was vindicated is justified by the amount of time actually given to Hanlon and the unlikelihood that additional time would have been efficacious.

Hanlon relies on *Davis* in arguing that he was making a good faith and sincere effort to contact an attorney when Officer Schuenke terminated his consultation time. The district court did not make any finding as to whether Hanlon was making a good faith and sincere effort to contact an attorney. Similarly, we do not consider that to be an important factor in our analysis of the totality of the circumstances in this case, for the reasons expressed above. If it were an important factor, the *Davis* opinion would provide only moderate support for Hanlon's argument. In *Davis*, the driver called a friend who was a paralegal and asked the friend for help in contacting an attorney. 509 N.W.2d at 385. We affirmed the district court's finding that the driver had made a good faith and sincere effort to contact an attorney. *Id.* at 385-86. Hanlon's reliance on *Davis* is appropriate insofar as *Davis* illustrates that seeking assistance from another person is not necessarily inconsistent with a good-faith and sincere effort to contact an attorney. But Hanlon's effort was more attenuated than the driver's effort in *Davis*, which involved only one other person. *Id.* at 385. Hanlon called one person (his father), who then called another person (the father's wife). Hanlon's delegation of his search for an attorney goes beyond the facts of *Davis*. In any event, this appeal does not turn on whether Hanlon was making a good faith and sincere effort to contact an attorney when Officer Schuenke terminated his consultation time.

At oral argument, Hanlon argued that the district court erred by not making an express finding concerning whether Hanlon ended his consultation time voluntarily or whether Officer Schuenke "cut him off." Hanlon requested that we reverse and remand for additional fact-finding. We decline to consider this argument because it was not adequately briefed. *See State v. Morrow*, 834 N.W.2d 715, 724 n.4 (Minn. 2013). Furthermore, Hanlon did not preserve that argument and that request for relief because he did not file a motion for amended findings in the district court. Thus, even if the argument had been properly asserted in his appellate brief, we would not consider the possibility of a remand because our review would be limited to "whether the evidence sustains the findings of fact, and whether the findings sustain the conclusions of law and the judgment." *See U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 370 (Minn. 2011) (citing *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976)); *see also Hartman v. Blanding's Inc.*, 288 Minn. 415, 423, 181 N.W.2d 466, 470 (1970).

In sum, the district court did not err by concluding that Hanlon's limited right to counsel was vindicated and by denying his petition to rescind the revocation of his driver's license.

**Affirmed.**

7