793 P.2d 558

**The STATE of Arizona, Appellant,**

v.

**Richard MESHURLE, Appellee.**

**No. 2 CA–CR 90–0135.**

Court of Appeals of Arizona, Division 2, Department B.

April 19, 1990.

Redesignated as Opinion June 12, 1990.

Dale K. Patton, Jr., Navajo County Atty. by Joel H. Ruechel, Holbrook, for appellant.

David J. Martin, Show Low, for appellee.

## OPINION

FERNANDEZ, Chief Judge.

This appeal questions the propriety of the trial court's dismissal of a felony DUI charge pursuant to *Montano v. Superior Court,* 149 Ariz. 385, 719 P.2d 271 (1986). We affirm.

Appellee was arrested for felony DUI in Pinetop, Arizona in August 1988. He was transported to the Pinetop Sheriff's Office where he agreed to take an intoxilyzer test. The officer attempted to administer the breath test three times, but each time the machine malfunctioned and the test was never completed. Appellee maintains that he was not advised of his right to obtain an independent blood test. The officer cannot remember whether or not he advised him of that right. Appellee did not obtain an independent blood test. During the time period involved, the Pinetop Police Department had a policy of giving an intoxilyzer

**406**

test to all individuals suspected of driving under the influence of intoxicating liquor.

Appellee moved to dismiss the charges because he was not advised of his right to an independent test. The court granted the motion pursuant to *Montano.* The state contends on appeal that *Montano* does not apply to this case. It also argues that the dismissal should be reversed because appellee failed to show any bad faith on the part of the police.

## APPLICATION OF *MONTANO*

In *Montano,* the defendant was arrested for DUI in South Tucson, a municipality that at the time had no intoxilyzer or access to one. The South Tucson police chose not to administer any type of test to any defendent arrested for DUI. Montano was not told he had a right to obtain an independent test. Our supreme court held that when the state "decides to forgo" application of the implied consent law and does not request a chemical test, due process of law demands that the suspect be apprised of his opportunity to obtain an independent test. 149 Ariz. at 391, 719 P.2d at 277. In so holding, the court stated that requiring a police officer to inform a suspect of his or her right to an independent test would not unduly burden the police when no test is requested by law enforcement.

The state argues that *Montano* applies only when the police have not invoked the implied consent law. It contends that because the implied consent law was invoked here but the machine malfunctioned, *Montano* is not applicable. We disagree. The fact is that the police attempted to invoke the implied consent law but were unable to because the machine was not operating. Therefore, we find that the trial court was correct in following *Montano,* which requires the police officer to advise a suspect of his or her right to an independent test. Because that was not done in this case, the court correctly dismissed the charges.

## BAD FAITH REQUIREMENT

Secondly, the state contends that dismissal is not appropriate because appellee showed no bad faith on the part of the

officer, citing *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). Because it did not raise that argument below, we do not address it.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.