**Thomas Paul RUFFENACH,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C7–93–1338.

Court of Appeals of Minnesota.

Feb. 28, 1995.

Howard Bass, Meshbesher & Spence, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey F. Lebowski, Joel Watne, Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by NORTON, P.J., and PETERSON and MANSUR, JJ.

## OPINION

MARTIN J. MANSUR, Judge.*

Thomas Ruffenach appeals [1] from an order sustaining the revocation of his driving privileges, arguing that the arresting officer's failure to advise him of his statutory right to additional independent chemical testing violated his right to due process by precluding him from preserving potentially exculpatory evidence.

## FACTS

The parties stipulated to the following facts. On April 1, 1993, Roseville police arrested Thomas Ruffenach for driving while under the influence of alcohol. At the station, the police read the Minnesota Implied Consent Advisory. Ruffenach stated that he understood the advisory and that he wished to consult with an attorney. Ruffenach was not informed of his right to procure additional independent testing. The record does not reflect whether Ruffenach reached an attorney, but he had access to the telephone from 1:43 a.m. until 2:19 a.m. (36 minutes). Ruffenach consented to a breath test. The test disclosed an alcohol concentration of .10, and the Commissioner of Public Safety revoked his driving privileges.

At the judicial review hearing, the only issue before the district court was whether the officer's failure to inform Ruffenach of his statutory right to additional independent testing (1) prevented or denied his ability to obtain an independent alcohol concentration test and (2) violated his right to due process of law. The court found that the advisory read to Ruffenach complied with the Minnesota law and sustained the revocation.

## ISSUE

Does a police officer's failure to inform an allegedly intoxicated person of the statutory right to additional independent testing violate procedural due process, even though Minnesota implied consent law does not require notice of such right?

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Ruffenach's appeal was stayed pending the supreme court's decision in *Davis v. Commissioner*

## ANALYSIS

 Determination of the constitutionality of a statute is a question of law, reviewed de novo by an appellate court. *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993). Where the facts are not disputed, an appellate court will reverse only if it concludes that the district court erroneously construed and applied the law to the facts of the case. *Berge v. Commissioner of Pub. Safety,* 374 N.W.2d 730, 732 (Minn.1985).

Effective in 1993, the Minnesota Legislature amended the implied consent advisory to remove the language informing drivers of their right to additional independent chemical testing. 1992 Minn. Laws ch. 570, art. 1, § 16. In response to a procedural due process challenge, the Minnesota Supreme Court upheld the amended advisory. *Davis v. Commissioner of Pub. Safety,* 517 N.W.2d 901, 904 (Minn.1994).

In *Davis,* the supreme court recognized that federal courts had rejected similar due process challenges regarding inadequate warnings, but it observed that these cases did not "create[ ] an insurmountable barrier to holding that the due process clause of the Minnesota Constitution requires the giving of a more complete implied consent advisory." *Id.* at 903–04 (citing *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979)). While it did not foreclose future challenges, the court declined to hold that drivers are entitled to a more complete advisory.

> While we are troubled by the deficiencies of the current advisory, we are unwilling at this time to say that the advisory violates procedural due process under the Minnesota Constitution.

*Davis,* 517 N.W.2d at 904.

Ruffenach argues that *Davis* is not dispositive because the court did not address the impact of an officer's failure to inform a

*of Pub. Safety,* 517 N.W.2d 901 (Minn.1994), *aff'g,* 509 N.W.2d 380 (Minn.App.1993). By order dated September 13, 1994, this court held that *Davis* did not directly address the issue raised by Ruffenach on appeal.

driver of the right to additional testing on the driver's right to obtain potentially exculpatory evidence. Ruffenach contends that the supreme court anticipated this challenge in *Davis:*

> Those who take the test can still complain about the absence of a warning concerning their statutory right to a second test by an independent tester while still in custody. Those who do not [take the test] or cannot reach counsel have a practical basis for arguing that if they had been given a proper advisory they might have taken the test.

*Id.*

Ruffenach's interpretation of this passage is inconsistent with the ultimate holding in *Davis.* While the supreme court acknowledged "deficiencies" in the amended advisory, the court expressly rejected the very argument that Ruffenach now asserts. The holding of *Davis* is that neither Minnesota law nor the Minnesota Constitution confer a right upon drivers to a more detailed advisory. *Id.*

Ruffenach's asserted constitutional right to have access to potentially exculpatory evidence is rooted in the criminal justice system. *See, e.g., Trombetta,* 467 U.S. at 485, 104 S.Ct. at 2532 (access to evidence "protect[s] the innocent from erroneous conviction and ensur[es] the integrity of our criminal justice system"); *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963) ("suppression * * * of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment"). The supreme court has expressly held, however, that an implied consent hearing is *not a de facto* criminal proceeding and that due process rights associated with criminal trials do not apply. *Davis,* 517 N.W.2d at 905.

We recognize that other jurisdictions have acknowledged a state's obligation to inform a driver of the right to independent testing. *See Montano v. Superior Ct.,* 149 Ariz. 385, 719 P.2d 271 (1986); *State v. Meshurle,* 164 Ariz. 405, 793 P.2d 558 (Ct.App.1990). Additionally, we note that *Davis* authorizes criminal DWI defendants to argue *Trombetta.*

But we conclude that neither *Trombetta* nor the foreign cases cited by Ruffenach bears directly on the facts of this case.

■ The issue in this appeal is not whether Ruffenach was denied an opportunity to obtain potentially exculpatory evidence, but whether the amended advisory violates due process because it does not require an officer to give *notice* to the driver of the statutory right to additional independent testing. The arresting officer has no affirmative duty to inform a driver of the right to an independent test. *See, e.g., Neville,* 459 U.S. at 564–66, 103 S.Ct. at 923–24 (state does not violate due process by choosing not to advise a driver of all the consequences of refusing implied consent testing); *Kesler v. Department of Motor Vehicles,* 1 Cal.3d 74, 81 Cal. Rptr. 348, 351–52, 459 P.2d 900, 903–04 (1969) (no due process right to notice), *cert. denied,* 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed.2d 396 (1970); *State v. Kristek,* 14 Kan. App.2d 77, 781 P.2d 1113, 1115 (1989) (court will not write notice obligation into statute not included by the legislature); *McDonnell v. Commissioner of Pub. Safety,* 473 N.W.2d 848, 853 (Minn.1991) (no due process violation for not informing driver of all consequences for refusing to take the test).

■ Further, drivers have a limited right to consult with counsel before deciding whether to take the implied consent test. *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 833 (Minn.1991) ("[a]n attorney, not a police officer, is the appropriate source of legal advice"). Likewise, the Nebraska Supreme Court noted:

> While the statute does preserve [the] right to such additional test, it is declaratory of a right that has always been available. The patrolman was under no more obligation to advise the defendant that he could have an additional test * * * than he was to inform him of his right to subpoena witnesses, to be confronted by his accusers, or not to testify without comment thereon by the prosecutor.

*State v. Oleson,* 180 Neb. 546, 143 N.W.2d 917, 919 (1966). Consequently, any lack of information is cured by the limited right to consult with counsel.

The officer's legal obligation ended when he read Ruffenach the advisory required by law. *See Hager v. Commissioner of Pub. Safety,* 382 N.W.2d 907, 911 (Minn. App.1986) ("[t]he only advisory that the police must give a person under the implied consent law is that mandated by statute"). Ruffenach requested to speak with an attorney, and a phone was made available to him for over one-half hour. Ruffenach's right to counsel was satisfied by this fact. *See Mulvaney v. Commissioner of Pub. Safety,* 509 N.W.2d 179, 181–82 (Minn.App.1993) (defendant's right to counsel is vindicated when officer provides a telephone and reasonable amount of time to contact an attorney.) Nothing in the record indicates that Ruffenach was denied or prevented from obtaining additional testing. *See Theel v. Commissioner of Pub. Safety,* 447 N.W.2d 472, 474 (Minn. App.1989) (statute proscribes officer from hampering driver from obtaining additional testing), *pet. for rev. denied* (Minn. Jan. 8, 1990).

### DECISION

The district court did not err in its construction or application of the law to the facts of this case. The court properly sustained revocation of Ruffenach's driving privileges.

**Affirmed.**

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.