**Patrick Joseph McNAUGHTON, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C0–95–410.

Court of Appeals of Minnesota.

Sept. 12, 1995.

Jeffrey B. Ring, Minneapolis, for appellant.

Hubert H. Humphrey, III, Attorney General, Steven H. Alpert, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by PARKER, P.J., and SHORT and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Patrick Joseph McNaughton appeals from a district court order sustaining the revocation of his driving privileges under the implied consent statute. Minn.Stat. § 169.123 (1994). He argues that his right to counsel was not vindicated and that his continued request to speak with an attorney did not constitute a refusal to submit to alcohol concentration testing. We reverse.

## FACTS

At approximately 1:00 a.m. on August 19, 1994, Albert Lea Police Officer Ben Mortenson stopped a speeding vehicle driven by appellant Patrick McNaughton. Officer Mortenson determined McNaughton was under the influence of alcohol, arrested him, and transported him to the Freeborn County Law Enforcement Center.

At 1:23 a.m., Officer Mortenson read the Implied Consent Advisory to McNaughton. When asked if he understood the advisory, McNaughton responded that he wanted to talk to an attorney.

At 1:25 a.m., Officer Mortenson handed McNaughton a list of attorneys in the Albert Lea area who he said took DWI calls. The

list contained the names and telephone numbers of approximately five attorneys.

The dispatcher dialed the first attorney chosen by McNaughton from the list, but there was no answer. McNaughton chose a second attorney, the dispatcher dialed, and McNaughton spoke with that attorney for a few minutes. When McNaughton hung up the telephone, he stated to Officer Mortenson that the attorney had been "no help." McNaughton gave no explanation as to what he meant, nor was he asked. At the implied consent hearing, however, McNaughton explained that the attorney was "rather short" with him, that the attorney did not want to help or represent him, and that the attorney "just said that I had to * * * make the decision on my own."

Officer Mortenson spent the next ten minutes, between 1:35 and 1:45 a.m., rereading and discussing the advisory with McNaughton. When asked if he understood the advisory, McNaughton again told Officer Mortenson that he wanted to talk to an attorney.

McNaughton then told Officer Mortenson that he wanted to call his attorney in the Minneapolis–St. Paul area, and gave a name that Officer Mortenson thought was "Rick Bolen." (McNaughton's attorney's name was actually Rick Bowen.) No one asked McNaughton how to spell the attorney's name, and McNaughton did not offer a spelling. McNaughton was allowed to look through his wallet, but was unable to find Bowen's card. The dispatcher unsuccessfully attempted to obtain the number for "Rick Bolen" through directory assistance. When told that there was no such listing, McNaughton asked for a telephone book but was informed that none was available. McNaughton also asked if he could dial directory assistance and was told it was not possible to do so from the telephone that had been made available to him.

Officer Mortenson suggested McNaughton contact another of the local attorneys from the list, but McNaughton declined. At approximately 1:57 a.m, Officer Mortenson told McNaughton that his continued request for an attorney would be taken as a refusal of testing.

When McNaughton later reviewed the police reports, he realized that the officers had used the wrong name in their attempt to locate his attorney's telephone number.

The district court made a number of findings and concluded that McNaughton's limited right to counsel was vindicated, that McNaughton refused testing, and that his refusal was not reasonable. In an attached memorandum, the court explained that McNaughton's right to counsel was vindicated when he actually spoke to an attorney and that Officer Mortenson's further efforts to help him locate his out-of-town attorney were "gratuitous" and not required. The court reasoned that a driver is not entitled to multiple calls to attorneys until he receives information that he perceives to be helpful.

McNaughton appeals.

## ISSUE

Did the district court err in concluding that McNaughton's limited right to counsel was vindicated?

## ANALYSIS

■ The facts in this case are essentially undisputed. Whether McNaughton was accorded a reasonable opportunity to consult with counsel is a legal determination. *See Kuhn v. Commissioner of Pub. Safety*, 488 N.W.2d 838, 840 (Minn.App.1992), *pet. for rev. denied* (Minn. Oct. 20, 1992).

■ Before deciding whether to submit to chemical testing, a driver has a limited right to consult with an attorney. *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991). This right is limited to the extent that it cannot unreasonably delay administration of the test. Minn.Stat. § 169.123, subd. 2(b)(4) (1994).

■ Police officers "must assist" in the vindication of this right to counsel. *Prideaux v. State, Dep't of Pub. Safety*, 310

Minn. 405, 421, 247 N.W.2d 385, 394 (1976), *quoted in Friedman,* 473 N.W.2d at 835. That assistance includes allowing a driver, upon request, the opportunity to consult with an attorney of his own choosing. *Id.* Vindication of the right will occur "if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel." *Id.*

■ "[A]bsent extraordinary circumstances, drivers must be permitted to personally use the telephone when trying to obtain counsel." *Mulvaney v. Commissioner of Pub. Safety,* 509 N.W.2d 179, 181 (Minn.App. 1993). An officer may not choose an attorney for a driver by dialing the telephone number of a public defender and handing the telephone to the driver. *Delmore v. Commissioner of Pub. Safety,* 499 N.W.2d 839, 842 (Minn.App.1993); *see also Clough v. Commissioner of Pub. Safety,* 360 N.W.2d 428, 429–30 (Minn.App.1985) (right to counsel not vindicated when officer telephoned public defender, public defender did not timely return call, and driver not allowed to call parents for referral of an attorney).

■ An officer may, however, call the public defender's office when a driver wants to speak to an attorney but does not have one of his own. *Butler v. Commissioner of Pub. Safety,* 348 N.W.2d 827, 828–29 (Minn. App.1984) (officer need only allow and facilitate right to counsel and need not make sure driver has received best or even proper counsel). Moreover, an officer need not ensure that a driver actually contacts an attorney, particularly when the driver chooses to stop calling. *See Kuhn,* 488 N.W.2d at 841–42 (and cases discussed therein). Nor need an officer allow a driver unfettered use of a telephone to call friends or relatives, unless the driver specifies that the reason for the calls is to contact an attorney. *See State v. Christiansen,* 515 N.W.2d 110, 113 (Minn. App.1994) (and cases discussed therein), *pet. for rev. denied* (Minn. June 15, 1994).

■ In this case, McNaughton was handed a list of five pre-selected attorneys. McNaughton was essentially limited to the attorneys on this list: he had no access to telephone books, either local or out-of-town, and he had no direct access to the telephone or directory assistance. Under these circumstances, McNaughton's limited right to counsel was not vindicated, because he was not given a reasonable opportunity to consult with an attorney of his own choosing.

■ Nor was McNaughton's limited right to counsel vindicated because he actually spoke to an attorney from the list. Admittedly, a driver is not entitled to make multiple calls to attorneys until he receives information that he perceives to be helpful or satisfying. *See Haug v. Commissioner of Pub. Safety,* 473 N.W.2d 900, 901 (Minn.App. 1991) (content or quality of legal advice received may not later be cited by driver as excuse for refusing to submit to testing); *see also Butler,* 348 N.W.2d at 829 (complaint of inadequate counsel does not affect issue of whether right to counsel vindicated by officer). Here, however, McNaughton was limited to a list of pre-selected attorneys. When one of those attorneys was contacted, he refused to represent McNaughton or otherwise give him any advice. Under these circumstances, McNaughton's limited right to counsel was not vindicated, because he did not receive a meaningful consultation.

Since we conclude that McNaughton's limited right to counsel was not vindicated, we need not discuss whether McNaughton refused testing by his continued requests to speak with an attorney.

### DECISION

The district court's order sustaining revocation of McNaughton's driver's license is reversed.

**Reversed.**