**Michael Roy DUFF, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C3–96–1786.

Court of Appeals of Minnesota.

March 18, 1997.

Jeffrey B. Ring, Jeffrey B. Ring & Associates, Minneapolis, for Appellant.

Hubert H. Humphrey, III, Attorney General, Joel A. Watne, Clarissa Marie Klug, Assistant Attorneys General, St. Paul, for Respondent.

Considered and decided by NORTON, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

NORTON, Judge.

Michael Roy Duff appeals from a district court order sustaining the revocation of his driving privileges under the implied consent statute. Duff's limited right to consult with counsel prior to deciding whether to submit to chemical testing for alcohol concentration was not vindicated because he was not allowed a reasonable time to meaningfully consult with his attorney. We reverse.

## FACTS

On April 14, 1996, at approximately 2:45 a.m., Oak Park Heights Police Officer Kenneth Anderson arrested appellant Michael Roy Duff for driving under the influence of alcohol. After Officer Anderson transported Duff to the Washington County Sheriff's Office and read the implied consent advisory, Duff indicated that he wished to consult with

an attorney. At 3:06 a.m., Officer Anderson provided Duff with a telephone and telephone directories. Officer Anderson sat in an adjacent room and filled out paperwork while watching Duff through a window.

Duff called a number for an attorney and reached an answering service, which said an attorney would be contacted. Duff estimated that attorney Douglas Hazelton called him at the station approximately 25 minutes after he was provided with the telephone. Hazelton estimated that he received the page from his answering service at approximately 3:20 a.m. At 3:45 a.m., Duff had been talking to Hazelton for approximately four to five minutes when Officer Anderson entered the room and told him to conclude the conversation.

Officer Anderson did not know who Duff was speaking to or the length and the contents of Duff's conversation. Officer Anderson testified that he did not believe that Duff desired additional time to speak on the telephone. Duff testified that he believed that he indicated to Officer Anderson his need for more time by saying "[s]omething to the effect of 'hold on a second.'" Hazelton stated that, while he heard someone tell Duff to conclude the conversation, he did not hear Duff ask for more time to speak on the telephone. Hazelton had advised Duff to submit to testing.

After Duff ended his conversation with Hazelton, Officer Anderson asked him if he would submit to testing. Duff agreed to take the breath test.

### ISSUE

Was Duff's limited right to consult with counsel vindicated?

### ANALYSIS

Whether a motorist has been allowed a reasonable time to consult with counsel is a mixed question of law and fact. *Parsons v. Commissioner of Pub. Safety,* 488 N.W.2d 500, 501 (Minn.App.1992). Establishing the chronology of events is a question of fact. *Id.* The significance of those facts becomes a question of law. *Id.* Our review is de novo because Duff challenges only the district court's application of the law to this case.

Duff argues that he was not afforded a reasonable time to have a meaningful consultation with Hazelton, and thus his right to consult with an attorney prior to chemical testing was not vindicated. We agree.

■ A driver has a limited right to consult with an attorney before deciding whether to submit to chemical testing for alcohol concentration. *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991). This right is vindicated when the driver is provided with a telephone and given reasonable time to contact and talk with an attorney. *Id.* (quoting *Prideaux v. State, Dep't of Pub. Safety,* 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976)).

■ When determining whether the driver was given a reasonable time, relevant factors include, but are not limited to, the police officer's vindication of the right to counsel and the driver's diligent exercise of the right. *Kuhn v. Commissioner of Pub. Safety,* 488 N.W.2d 838, 842 (Minn.App.1992), *review denied* (Minn. Oct. 20, 1992). In determining whether the driver diligently exercised the right, the court should consider: whether the driver made a good faith and sincere effort to reach an attorney; the time of day when the driver tried to contact an attorney; and the length of time the driver had been under arrest. *Kuhn,* 488 N.W.2d at 842; *see also McNaughton v. Commissioner of Pub. Safety,* 536 N.W.2d 912, 915 (Minn.App.1995) (driver did not have a reasonable opportunity to have a meaningful consultation with an attorney because he did not have an opportunity to consult with an attorney of his own choosing and because the attorney he eventually contacted refused to represent him or give him any advice).

■ Duff's right to consult with an attorney was not vindicated because he was not given reasonable time to have a meaningful consultation with Hazelton. Officer Anderson terminated Duff's telephone conversation with Hazelton without knowing who Duff was speaking to or how long the conversation had lasted. It was unnecessary to terminate the conversation at that moment because Officer Anderson testified that he was not concerned that Duff would slip under

the legal limit for alcohol concentration if the test was not administered immediately. In support of its conclusion that Duff's right to counsel was vindicated, the district court found that Duff did not inform Officer Anderson that he needed more time to consult with Hazelton. A review of the record, however, indicates that Duff was not given an effective choice regarding whether to terminate the consultation. Officer Anderson's manner in concluding the conversation made it clear to Duff that he was to obey.[1]

■ Moreover, the record suggests that Duff was not given reasonable time to meaningfully consult with Hazelton because his conversation was terminated before he received any advice on additional testing. The Commissioner argues that Duff's failure to receive advice on additional testing is inconsequential because such advice could be "reasonably postponed" until after the officer completed initial testing, as an additional test is relevant only if the driver fails the initial test. This view is too simplistic; it is unreasonable to conclude that a driver would be aware of the right to an additional test absent advice by counsel. For example, the implied consent advisory form does not advise motorists of the right to an additional test. Minn.Stat. § 169.123, subd. 2(b) (1996). It is the duty of attorneys, not police officers, "to explain the extent and scope of the right to an additional test while the driver is in custody." *Davis v. Commissioner of Pub. Safety*, 509 N.W.2d 380, 387 (Minn.App.1993), *aff'd*, 517 N.W.2d 901 (Minn.1994).

These facts demonstrate that Officer Anderson terminated Duff's conversation with Hazelton before Duff had a reasonable time to meaningfully consult with him. Officer Anderson gave Duff no option but to terminate the consultation with Hazelton before Duff received advice on such matters as additional testing.

## DECISION

Appellant's limited right to consult with an attorney prior to chemical testing was not vindicated because he was not given reasonable time to meaningfully consult with the attorney. Therefore, the district court's order sustaining the revocation of Duff's driving privileges is reversed.

**Reversed.**

KALITOWSKI, Judge (dissenting).

I respectfully dissent. The district court found: (1) the officer made a telephone and telephone books available to Duff at 3:06 a.m.; (2) Duff contacted an attorney; and (3) at 3:45 a.m. the officer indicated Duff would have to make a decision about testing. It is undisputed the officer was not in the room and did not know who Duff telephoned, or the length or content of the conversation. Further, the district court found that Duff did not inform the officer that he needed additional time to consult with an attorney and the attorney did not call back and indicate additional consultation time was needed.

The supreme court has stated:

The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel. If counsel cannot be contacted within a reasonable time, the person may be required to make a decision regarding testing in the absence of counsel.

*Friedman v. Comm. of Pub. Safety*, 473 N.W.2d 828, 835 (Minn.1991) (citation omitted). Applying *Friedman* to these facts, the district court did not err in concluding the police officer vindicated Duff's limited right to counsel.

1. The following exchange took place on cross-examination of Officer Anderson:

Q  Would it be fair for His Honor to—Would it be fair for our record to reflect that when you told Mr. Duff this is done, or whatever words you used, it was put to him in a way that he was to obey?

A  I believe so. Usually what I've stated in the past—

Q  I didn't ask what usually was said in the past.

A  Okay.

Q  Mr. Duff—It was made clear to Mr. Duff that his time on that phone was done, wasn't it?

A  That's correct.