**Ryan Charles HARTUNG, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C4–01–419.**

Court of Appeals of Minnesota.

Oct. 23, 2001.

---

1. The state declined to file a brief in this appeal.

Richard L. Swanson, Chaska, MN, for appellant.

Mike Hatch, Attorney General, Max A. Keller, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, KLAPHAKE, Judge, and HALBROOKS, Judge.

## OPINION

HALBROOKS, Judge.

Appellant Ryan Charles Hartung challenges the district court's order sustaining

the revocation of his driver's license under the implied-consent law, arguing that he was denied meaningful consultation with his attorney when the arresting officer declined to provide him with the exact preliminary breath test (PBT) result. He further argues that this refusal violated his due-process right to potentially exculpatory evidence. Because appellant's right to counsel was vindicated, we affirm.

## FACTS

Elk River Police Officer Anthony Musatob arrested appellant for DWI after appellant failed a pre-arrest preliminary breath test (PBT). Appellant was taken to the Sherburne County Sheriff's office where he was read the implied-consent advisory. Appellant indicated that he understood the implied-consent advisory and indicated a desire to speak with counsel.

Appellant telephoned an attorney. While on the phone with his attorney, appellant asked Musatob for the result of his PBT. Musatob informed appellant that he had failed the PBT. Appellant continued to speak with his attorney. Appellant then asked Musatob if the PBT was a digital model, to which Musatob answered "yes." After further consultation with his attorney, appellant asked Musatob for the precise result of the digital PBT. Musatob declined to provide it. Appellant subsequently ended his conversation with his attorney and agreed to submit to the breath test. The breath test yielded a result of .10 or more.

At trial, Musatob explained that he did not release the precise result of the PBT to appellant because he does not memorialize that information in his police reports. The trial court sustained the revocation of appellant's driving privileges, specifically rejecting appellant's argument that his right to counsel had been violated because

he was not provided the exact result of the PBT. This appeal follows.

## ISSUES

1. Was appellant denied his right to meaningful consultation with his attorney when the arresting officer refused to provide him with the exact result of his preliminary breath test?

2. Was appellant's inability to obtain his exact preliminary-breath-test result a violation of his due-process right to exculpatory evidence?

## ANALYSIS

### I.

■ Appellant argues that he was denied his right to meaningful consultation with his attorney when Officer Musatob refused to provide him with the exact result of his PBT. While appellant was informed that he failed the PBT, he was not provided with the specific numerical result.

■ The determination of whether an officer vindicates a driver's right to counsel is a mixed question of law and fact, "requiring the appellate court to apply the controlling legal standard to historical facts as determined by the trial court." *State v. Wiernasz,* 584 N.W.2d 1, 3 (Minn. 1998) (footnote omitted) (citation omitted). An appellate court reviews the district court's factual findings under the clearly erroneous standard, but independently reviews the district court's legal determination. *Id.* When the facts are not in dispute, as in this case, this court makes a legal determination whether or not the driver "was accorded a reasonable opportunity to consult with counsel based on the given facts." *Kuhn v. Comm'r of Pub. Safety,* 488 N.W.2d 838, 840 (Minn.App. 1992), *review denied* (Minn. Oct. 20, 1992).

A person arrested for driving while intoxicated (DWI) has a limited right to consult with an attorney before deciding whether to submit to chemical testing, provided the consultation does not unreasonably delay the testing. *Friedman v. Comm'r of Pub. Safety,* 473 N.W.2d 828, 835 (Minn.1991) (holding that right to counsel under implied-consent statute is limited because of the "evanescent nature" of alcohol).

A limited right to counsel means the right to consult with a lawyer of [the driver's] own choosing. A police officer not only must inform the driver of the right to counsel but also must assist in vindicating this right. A police officer may vindicate a driver's limited right to counsel by providing a telephone and a reasonable amount of time to contact and speak with an attorney.

*Gergen v. Comm'r of Pub. Safety,* 548 N.W.2d 307, 309 (Minn.App.1996) (citations and quotation omitted) (alteration in original), *review denied* (Minn. Aug. 6, 1996).

In this instance, appellant was informed of his right to counsel and given access to a telephone. He was permitted to call the attorney of his choice and received legal advice from that attorney. Appellant does not dispute that he was allowed to use the telephone for as long as he needed.

Appellant cites *McNaughton v. Comm'r of Pub. Safety,* 536 N.W.2d 912, 915 (Minn.App.1995), in support of his argument that he was deprived of a "meaningful consultation" with counsel because he was not provided with the exact PBT result. Appellant's reliance on *McNaughton* is misplaced.

We held in *McNaughton* that a driver's limited right to counsel was not vindicated when an officer provided a driver with a list of five pre-selected attorneys, but the driver did not have access to a telephone directory; was not allowed to personally dial the telephone to contact directory assistance, family, or friends; and ultimately spoke with one of the pre-selected attorneys who refused to represent or advise him. None of those factors exist in this case. *Id.*

Because we conclude that appellant's limited right to counsel was vindicated, he was not denied meaningful consultation with his attorney when the officer refused to provide him with the exact PBT result.

## II.

Appellant also contends that he was denied his due-process right to obtain exculpatory evidence in the form of the exact PBT result. Appellant maintains that Officer Musatob had an obligation to disclose any evidence in his possession that was potentially exculpatory. *See Brady v. Maryland,* 373 U.S. 83, 87–88, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963) (establishing due-process rights to exculpatory evidence). Providing the accused with exculpatory evidence "protects[s] the innocent from erroneous conviction and ensur[es] the integrity of our criminal justice system." *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984).

Appellant incorrectly assumes that *Brady* is applicable to a civil implied-consent proceeding. "[A]n implied consent hearing is not a de facto criminal proceeding and due process rights associated with criminal trials do not apply." *Brooks v. Comm'r of Pub. Safety,* 584 N.W.2d 15, 20 (Minn.App.1998) (quoting *Ruffenach v. Comm'r of Pub. Safety,* 528 N.W.2d 254, 256 (Minn.App.1995) (addressing a constitutional right to exculpatory evidence)), *review denied* (Minn. Nov. 24, 1998). As we have previously held, "[b]ecause an implied consent hearing is not a criminal proceed-

ing, *Brady* is inapplicable." *Brooks,* 584 N.W.2d at 20.

## DECISION

Appellant's limited right to counsel was vindicated under *Friedman*. Therefore, appellant was not denied meaningful consultation with his attorney when the officer failed to provide him with the exact PBT result. The due-process right to potentially exculpatory evidence does not extend to civil implied-consent proceedings.

**Affirmed.**