**STATE of Minnesota, Respondent,**

v.

**Timothy J. PITTMAN, Appellant.**

**No. C3–86–894.**

Court of Appeals of Minnesota.

Nov. 10, 1986.

Michael W. McDonald, Prior Lake, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Julius A. Coller, II, Shakopee, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

## FACTS

On July 20, 1985 at twenty minutes past midnight Officer Terence Doyle received a call to a one car accident on County Road 17 in the City of Shakopee. Upon arriving on the scene Officer Doyle observed a small smashed up pickup truck. At the scene were Officer Scherer, Officer Flynn and appellant Timothy Pittman. Officer Doyle found that Pittman was bleeding from cuts on his forehead, his speech was slurred, his walk was unsteady, and the odor of alcohol was on his breath. The officers placed Pittman under arrest for driving under the influence of alcohol and took him to St. Francis Hospital in Shakopee.

Officer Doyle testified that after Pittman received treatment at the hospital for his injuries he read Pittman the implied consent advisory form. When asked whether he understood the implied consent form Pittman stated, "Why not?" Officer Doyle than asked him, "Will you take the blood test?" He responded, "Bring the test on." On cross-examination Officer Doyle stated that he did not give Pittman the option of choosing between a blood test or a urine test.

Pittman submitted to the blood test and was found to have an alcohol concentration of .19. He was subsequently charged with operating, driving or being in physical control of a motor vehicle with an alcohol concentration of .10 percent or more in violation of Minn.Stat. 169.121 subd. 1(a) and (d). Pittman was found not guilty of driving under the influence and guilty of driving with an alcohol concentration of .10 or more.

## DECISION

Appellant claims that the blood test results should not have been allowed into evidence against him. He contends that Minn.Stat. § 169.123 Subd. 2(c) (Supp.1985) required the arresting officer in this case to offer a choice between the blood and urine tests. *See Haugen v. Commissioner of Public Safety,* 389 N.W.2d 222, 224 (Minn.Ct.App.1986); *Meyers v. Commissioner of Public Safety,* 379 N.W.2d 219, 221 (Minn.Ct.App.1985). We disagree.

**738**

Appellant was convicted under Minn. Stat. § 169.121, the criminal DWI law. This statute formerly allowed admission of test results in a DWI prosecution only when the test was taken voluntarily or pursuant to the implied consent law. *State v. Speak*, 339 N.W.2d 741, 744 (Minn.1983). In 1984 the legislature deleted the language in section 169.121 which contained this requirement. 1984 Minn.Laws ch. 622, § 7.

■ Compliance with the procedures of the implied consent law is a prerequisite to a driver's license revocation under the implied consent statute. *Tyler v. Commissioner of Public Safety*, 368 N.W.2d 275, 280 (Minn.1985). However, not all procedures of the implied consent statute apply to DWI prosecutions. In *Tyler* the court stated:

> Here there was no intent to comply, attempt to comply or compliance with the implied consent law. *Thus, while the results of the chemical analysis of Tyler's blood could be used in a prosecution of Tyler for DWI,* having been legally obtained, the results could not properly serve as the basis of a revocation of his license pursuant to the implied consent law.

*Id.* at 281. (Emphasis added).

■ Because Pittman was convicted under the DWI law, and his blood test was otherwise legally obtained, compliance with Minn.Stat. § 169.123, subd. 2(c) (Supp.1985) was unnecessary.

■ Pittman also claims there is insufficient evidence to support his conviction. He argues that the failure of the State to make an in-court identification made the evidence insufficient. We must view the evidence in the light most favorable to the decision and decide whether the trier of fact could have reasonably found defendant guilty of the crime charged. *Caldwell v. State*, 347 N.W.2d 824, 828 (Minn.Ct. App.1984). We hold that the failure of the police officers to specifically identify the

driver did not preclude the trial court from finding that identification was established.

Affirmed.