STATE of Minnesota, Appellant,

v.

Troy Arnold HALVERSON, Respondent.

No. C2–87–1416.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James Reuter, Chisago Co. Atty., Kai J. Lahti, Asst. Chisago Co. Atty., Center City, for appellant.

Stefan A. Tolin, Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and MULALLY* and LOMMEN, JJ.,* with oral argument waived.

## OPINION

NORTON, Judge.

In this prosecution for DWI, the trial court suppressed the results of respondent's urine test, based on the state's failure to offer respondent a choice of a blood or a urine test. We reverse and remand for trial.

## FACTS

On March 1, 1987, respondent was arrested for DWI. The parties stipulated there was probable cause for the arrest. Respondent was taken to the Chisago County Sheriff's Office, where Lindstrom Police Officer Ernest McCarty read him the Minnesota Implied Consent Advisory. Respondent indicated he understood the advisory. Officer McCarty then offered respondent a urine test, not a blood *or* urine test. Respondent agreed to take the urine test,

but was unable to urinate. Officer McCarty reread the Implied Consent Advisory, this time asking for a breath test. Respondent agreed to take the breath test, then informed Officer McCarty he was able to urinate. A urine sample was obtained, after which a breath test was administered. Both tests yielded a blood alcohol reading of .17 percent.

On June 11, 1987, respondent appeared in court for a combined *Rasmussen* hearing and implied consent license revocation hearing. Counsel for appellant and respondent stipulated to the results of the tests on the following condition:

> MR. LAHTI: Regarding the stipulation, it was my understanding that defense counsel would be stipulating to the results of the test *on the condition that the implied consent advisory was found adequate.*
>
> \* \* \* \* \* \*
>
> THE COURT: Let's try it again. Mr. Tolin, do you stipulate that \* \* \* there was probable cause to offer a test and that the result would be admissible, *providing that the test was offered properly under implied consent?*
>
> MR. TOLIN: That's what I said, Your Honor.

(Emphasis added).

On July 8, 1987, the court ruled that the test had not been properly offered under the implied consent law. *See* Minn.Stat. § 169.123 (1986). Specifically, the court found that Officer McCarty failed to offer respondent a choice of a blood or a urine test. Applying *Haugen v. Commissioner of Public Safety,* 389 N.W.2d 222 (Minn.Ct. App.1986), the court ordered the test results suppressed. The state appeals.

## ISSUE

Did the failure to offer respondent a choice between a blood test and a urine test render the test results inadmissible in a criminal prosecution?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

Respondent argues that the stipulation entered into at the combined *Rasmussen* hearing and implied consent license revocation hearing requires suppression of the test results in the criminal DWI prosecution if the requirements of the implied consent advisory, as it relates to to the license revocation hearing, were not met. This argument is without merit.

The Attorney General's office had an assistant attorney general present at the hearing to argue the civil license revocation portion of the hearing. The Chisago County Attorney, represented by Mr. Lahti, was arguing the criminal portion. If the advisory was inadequate as a matter of criminal law, it would be suppressed.

In suppressing the results of respondent's urine test, the trial court relied on *Haugen v. Commissioner of Public Safety*, 389 N.W.2d 222 (Minn.Ct.App.1986). To the extent that the test result was suppressed with regard to respondent's *civil* implied consent license revocation, the court was correct. In *Haugen*, the driver had been offered only a blood test. He took the test, received a .13% alcohol concentration reading, and his license was revoked. *Id.* In affirming the rescission of the revocation, this court emphasized the legislative mandate that a driver be allowed to choose which test to take in an implied consent license revocation. *Id.* at 223–24.

 To the extent the trial court suppressed the test result with regard to the *criminal* charges against respondent, however, the trial court erred. In a criminal proceeding, compliance with the procedures of the implied consent law is not a prerequisite. *State v. Pittman*, 395 N.W.2d 736, 738 (Minn.Ct.App.1986). *See Tyler v. Commissioner of Public Safety*, 368 N.W.2d 275, 280 (Minn.1985). Because respondent was charged with the criminal offense of DWI, it was not necessary for Officer McCarty to offer a choice between a blood test or a urine test. *Pittman*, 395 N.W.2d at 738. This being the case, the implied consent advisory was adequate for the DWI prosecution. The advisory being ade-

quate, the terms of the stipulation were satisfied. If the urine test was otherwise legally obtained, it is admissible. *Id.*

 Respondent has moved for attorney fees and costs incurred in this appeal. Such an award is mandated by Minn.R. Crim.P. 28.04, subd. 2(6) (1987). Respondent is awarded $873.44.

## DECISION

The trial court erred in suppressing the result of respondent's urine test.

Reversed and remanded for trial.