**STATE of Minnesota, Respondent,**

**v.**

**Herman ASCHNEWITZ, Appellant.**

**No. C7–91–1108.**

Court of Appeals of Minnesota.

April 14, 1992.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Wyman A. Nelson, Wright County Atty., Kathleen A. Mottl, Asst. County Atty., Buffalo, for respondent.

John D. Ellenbecker, St. Cloud, for appellant.

Considered and decided by PETERSON, P.J., and NORTON, and AMUNDSON, JJ.

## OPINION

NORTON, Judge.

This is an appeal from Herman Aschnewitz's conviction for driving with an alcohol concentration of .10 or more. Appellant challenges the trial court's failure to suppress the results of a blood test.

## FACTS

On January 28, 1991, appellant was involved in a single car accident where his vehicle went off the road in Monticello, Minnesota. When a police officer arrived at the scene of the accident, he detected the odor of alcohol on appellant's breath.

Appellant was taken to the hospital where the officer read him the implied consent advisory. Appellant consented to a urine test. However, his condition worsened and he was unable to produce a urine sample. A doctor indicated to the police officer that while they were withdrawing blood for hospital tests, they could also draw a blood sample for an alcohol concentration test. A blood sample was given to the officer. The blood test showed an alcohol concentration of .18.

Appellant was charged with driving under the influence and driving with an alcohol concentration of .10 or more. The trial court denied appellant's pre-trial motion to suppress evidence of his alcohol concentration. Appellant was found guilty of the offense of driving with an alcohol concentration of .10 or more.

## ISSUE

Did the trial court err in admitting the results of appellant's blood test after appellant consented to but was unable to provide a urine sample?

## ANALYSIS

The warrantless removal of blood for an alcohol concentration test is permitted if the police officer had probable cause to believe that the defendant committed the offense of driving under the influence and removal of the blood is necessary to preserve the evidence of the defendant's guilt. *Tyler v. Commissioner of Pub. Safety*, 368 N.W.2d 275, 278 (Minn.1985). Compliance with all the procedures of the implied consent statute is not necessary where a defendant is charged with the criminal offense of driving under the influence. *State v. Halverson*, 413 N.W.2d 859, 861 (Minn. App.1987); *State v. Pittman*, 395 N.W.2d 736, 738 (Minn.App.1986). In both court of appeals cases, the police officer read the implied consent advisory but failed to offer the defendant a choice between a blood or urine test as required under an earlier version of the implied consent statute. *Halverson*, 413 N.W.2d at 860 (only urine test requested and consented to by defendant); *Pittman*, 395 N.W.2d at 737 (only blood test offered and consented to by defendant). This court concluded that although the officers did not fully comply with the implied consent advisory, it was adequate for the criminal proceedings for driving under the influence. *Halverson*, 413 N.W.2d at 861; *Pittman*, 395 N.W.2d at 738.

Most recently, this court has stated that compliance with the implied consent statute is required once the implied consent advisory is read to the defendant and the defendant refuses testing. *State v. Scott*, 473 N.W.2d 375, 378 (Minn.App.1991). In *Scott*, when the accused invoked the right to refuse testing offered through the implied consent advisory, the result from the test taken despite that refusal was not admissible. *Id.*

In this case, appellant did not refuse testing. The police officer read appellant the implied consent advisory, offered and appellant consented to a urine test. When appellant was unable to produce the consensual urine sample, a blood sample was obtained without his further consent. As in *Halverson* and *Pittman*, precise compliance with the implied consent advisory was not required. The officer had probable cause to believe that appellant had committed the offense of driving under the influence when he saw appellant's vehicle swerve off the road and smelled alcohol on appellant's breath. Also, because appellant was unable to give a urine sample and it was not known when he would be able to, the officer could reasonably believe that if a blood sample was not taken from appellant at that time that evidence of his alcohol concentration could be lost. *See State v. Aquirre*, 295 N.W.2d 79, 81 (Minn.1980) (constitutional prerequisite for nonconsensual removal of blood is probable cause plus exigent circumstances).

## DECISION

The trial court did not err in admitting appellant's blood test results into evidence.

Affirmed.