**STATE of Minnesota Appellant,**

v.

**Thomas Stanley NORDIN, Respondent**

No. C7–97–845.

Court of Appeals of Minnesota.

Nov. 25, 1997.

Rick F. Lanners, Assistant Meeker County Attorney, Litchfield, for Appellant.

Hubert H. Humphrey, III, Attorney General, St. Paul, for Appellant.

Donald H. Walser, Hutchinson, for Respondent.

Considered and decided by RANDALL, P.J., and TOUSSAINT, C.J., and THOREEN, J.*

## OPINION

RANDALL, Judge.

The state argues that the district court erred in suppressing the results of respondent's Intoxilyzer test because respondent's right to counsel was not vindicated before he took the test. We affirm.

## FACTS

Officer Brian Peterka arrested respondent Thomas Stanley Nordin at approximately 1:30 a.m. on November 28, 1996 on suspicion of driving under the influence. Peterka brought Nordin to the Meeker County Law Enforcement Center where Peterka read Nordin the Minnesota Implied Consent Advisory form. Peterka mistakenly skipped paragraph four which, in part, states

> "(b)efore making your decision about testing, you have the right to consult with an attorney. If you wish to do so, a telephone will be made available to you."

Peterka read the rest of the form. The form included the question "(d)o you wish to consult with an attorney?" to which Nordin responded "yes." Peterka gave Nordin a phone book and a telephone. Nordin was unsuccessful in contacting two different at-

torneys. Nordin initially refused to take a blood alcohol test, but eventually complied; the test showed that Nordin had a 0.18 blood alcohol concentration. The circumstances of Nordin's eventual compliance are unclear from the record. Based on the results of the test, Nordin's driver's license was revoked.

On March 7, 1997 an implied consent hearing was held to hear Nordin's motion to rescind the revocation of his driver's license. The trial court determined that Nordin's right to counsel was not vindicated and granted the motion. The state did not appeal this decision.

On April 17, 1997 an omnibus hearing on the criminal charge was held. The parties stipulated that the only evidence before the omnibus hearing judge would be the *findings of fact and conclusions of law* from the implied consent court. The trial court granted Nordin's motion to suppress. The state appeals. Respondent moved for attorney fees and costs at oral argument.

## ISSUE

Did the trial court err in suppressing the results of Nordin's Intoxilyzer test?

## ANALYSIS

■ As a preliminary matter, we note that the record on appeal consists only of the implied consent court's findings of fact and conclusions of law and the proceedings of the omnibus court. At the omnibus hearing, the parties stipulated to base their arguments only on the implied consent court's findings of fact and conclusions of law. The state did not appeal the implied consent court's decision nor did it make a record stating its disagreement with the implied consent decision. Further, the state did not offer any additional evidence at the omnibus hearing. Thus, the record on appeal consists of the implied consent court's findings of fact and conclusions of law before the omnibus court and the proceedings of the omnibus court. *See* Minn. R. Civ. P. 110.01. (stating that the record on appeal consists of any papers filed in the trial court, any exhibits and the tran-

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

script of proceedings); *see also Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988) (appellate court may not go beyond the record on appeal to base its decision).

Since we do not have to reach the state's argument that Nordin's right to counsel was vindicated—the state did not appeal that decision from the implied consent hearing, and then stipulated that finding was part of this record—the only issue before us is whether the district court erred in suppressing the results of Nordin's Intoxilyzer test.

■ Where facts are not in dispute and the trial court's pretrial order is purely a legal determination, we review de novo whether suppression is necessary. *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992). A trial court's pretrial exclusion of evidence in a criminal prosecution will be reversed only if the state demonstrates clearly and unequivocally that (1) the trial court erred in its judgment, and (2) the error will have a critical impact on the outcome of the trial unless it is reversed. *State v. Kim,* 398 N.W.2d 544, 547 (Minn.1987). Critical impact is shown in cases where a lack of the suppressed evidence completely destroys the state's case; and in cases where suppression significantly reduces the likelihood of a successful prosecution. *State v. Ronnebaum,* 449 N.W.2d 722, 724 (Minn.1990). Here the critical impact prong has been met.

■ But on the merits, we agree with the trial court. The state argues that the district court erred in suppressing Nordin's test results because, in a criminal DWI investigation, unlike a civil revocation proceeding, the results are admissible notwithstanding an officer's failure to comply with the implied consent procedures. For this proposition, the state relies on *Tyler v. Commissioner of Public Safety,* 368 N.W.2d 275, 281 (Minn. 1985) (test results may be used in DWI prosecution without compliance with implied consent statute if results are legally obtained), *State v. Pittman,* 395 N.W.2d 736, 738 (Minn.App.1986) (legally obtained test results may be used in DWI prosecution regardless of compliance with implied consent law), and *State v. Aschnewitz,* 483 N.W.2d 107, 107–8 (Minn.App.1992) (precise compliance with implied consent law was not

required for admissibility of alcohol concentration tests in criminal prosecution for driving with an alcohol concentration of .10 or more). Those cases, however, do not address the situation where test results were obtained in violation of a defendant's right to counsel. Rather, they involve the use of test results that were otherwise legally obtained. Here, the state is attempting to use test results in a DWI prosecution after Nordin's right to counsel was violated, an issue the state rendered unappealable by not appealing the implied consent hearing and by stipulating that the implied consent hearing findings of fact and conclusions of law were all that the DWI court had to consider.

Nordin points out that where a defendant's right to counsel is not vindicated, the court must suppress test results. He relies on *State v. Karau,* 496 N.W.2d 416 (Minn.App. 1993). In *Karau,* this court suppressed a juvenile's test results and reversed his conviction because the juvenile's right to counsel was not vindicated. *Id.* at 418–19.

We conclude that the DWI court properly found that since Nordin's right to counsel was not vindicated, Nordin's Intoxilyzer test results should be suppressed.

At oral argument, respondent moved under Minn. R.Crim. P. 28.04, subd. 2(6) for attorney fees in the amount of $1905.13. This amount includes a $32.00 request for mileage to oral argument. Normally, mileage to and from court is not considered a Rule 28 cost. Respondent is awarded $1872.13 for attorney fees and costs.

## DECISION

The record establishes that the parties stipulated to the omnibus hearing court considering only the implied consent court's findings of fact and conclusions of law on the issue of vindication of right to counsel.

Because Nordin's right to counsel was not vindicated, the DWI court did not err when it suppressed Nordin's Intoxilyzer text results. Respondent is awarded $1872.13 for attorney fees and costs.

**Affirmed and motion for fees granted.**