**STATE of Minnesota, Respondent,**

v.

**Karri Ann FLERMOEN, Appellant.**

**No. A09–1879.**

Court of Appeals of Minnesota.

July 20, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Stoney Hiljus, Coon Rap-

ids City Attorney, Douglas L. Johnson, Assistant City Attorney, Coon Rapids, MN, for respondent.

Rory P. Durkin, Giancola Law Office, Anoka, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge; WRIGHT, Judge; and ROSS, Judge.

## OPINION

WRIGHT, Judge.

Appellant challenges her conviction of second-degree driving while impaired (DWI), a violation of Minn.Stat. §§ 169A.20, subd. 1(5), 169A.25, subd. 1 (2006), arguing that the district court erred by denying her motion to suppress a blood sample and alcohol-concentration test results because the blood was withdrawn by a person who did not meet the requirements for doing so under the civil implied-consent law, Minn.Stat. § 169A.51, subd. 7(a). We affirm.

## FACTS

On February 24, 2008, Coon Rapids Police Officer Wilberg stopped a vehicle driven by appellant Karri Flermoen and administered three field sobriety tests to Flermoen because he suspected that she was impaired. After Flermoen performed poorly on the field sobriety tests, Officer Koss, who also was at the scene, administered a preliminary breath test. The preliminary breath test reported an alcohol concentration of .273. Officer Koss arrested Flermoen for DWI and transported her to the Coon Rapids Police Department where he read Flermoen the Minnesota Implied Consent Advisory. Although Flermoen agreed to take a breath test, she

failed to provide an adequate breath sample for the test. She then agreed to submit a blood sample for testing. Officer Koss transported her to Mercy Hospital where a hospital technician withdrew the blood sample. The blood-test results also were .273 alcohol concentration.

Flermoen was charged with one count of second-degree DWI, a violation of Minn. Stat. §§ 169A.20, subd. 1(1) (driving under the influence of alcohol), 169A.25, subds. 1(a), 2 (2006). The complaint was amended to include an additional count of second-degree DWI, a violation of Minn.Stat. §§ 169A.20, subd. 1(5) (having an alcohol concentration of .08 or more within two hours of driving), 169A.25, subd. 1.

Before trial, Flermoen moved to suppress the blood sample and alcohol-concentration test results because the hospital technician who withdrew the blood sample did not meet the qualifications set forth in the civil implied-consent statute, Minn. Stat. § 169A.51, subd. 7(a). A contested hearing on the motion was held, and the district court took the matter under advisement.[1]

In the civil implied-consent proceeding arising from the same incident, the district court rescinded the revocation of Flermoen's driving privileges because Flermoen's blood sample was withdrawn by a person who did not meet the implied-consent statutory requirements.

In the criminal proceeding, the district court denied Flermoen's motion to suppress the blood sample and alcohol-concentration test results and her subsequent motion for reconsideration. The case proceeded to a bench trial during which Flermoen stipulated to the prosecution's case pursuant to Minn. R.Crim. P. 26.01, subd.

---

1. Two judges were involved in Flermoen's case. One ruled on the suppression motion in the criminal proceeding, and another presided over the civil implied-consent proceeding and the criminal trial.

4, reserving the right to appeal the denial of her motion to suppress the evidence. The district court found Flermoen guilty of second-degree DWI, a violation of Minn. Stat. §§ 169A.20, subd. 1(5), 169A.25, subd. 1. This appeal followed.

## ISSUE

Did the district court err by denying appellant's motion to suppress the blood sample and alcohol-concentration test results based on its conclusion that the hospital technician's failure to meet the requirements to withdraw a blood sample under the civil implied-consent law, Minn. Stat. § 169A.51, subd. 7(a), does not require the suppression of evidence in a criminal DWI proceeding?

## ANALYSIS

■ When the facts are not in dispute, we review a district court's decision denying a motion to suppress evidence to determine whether, in light of the facts, the district court erred as a matter of law. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999). The issue presented here requires us to determine the applicability, if any, of the civil implied-consent requirements for blood-test evidence to a district court's decision on the admissibility of a blood sample and alcohol-concentration test results in a criminal DWI proceeding.

At the trial of a person alleged to have committed a criminal violation of the laws prohibiting DWI, Minn.Stat. § 169A.20, the district court "may admit evidence of the presence or amount of alcohol in the person's blood, breath, or urine as shown by an analysis of those items." Minn.Stat. § 169A.45, subd. 1 (2006). In addition, the Minnesota Rules of Evidence govern the admissibility of evidence in a criminal DWI proceeding. *See* Minn. R. Evid. 1101 (stating that rules of evidence "apply to all actions and proceedings in the courts of

this state," with certain exceptions not applicable here). Minnesota's civil implied-consent statute provides that "[o]nly a physician, medical technician, emergency medical technician-paramedic, registered nurse, medical technologist, medical laboratory technician, or laboratory assistant acting at the request of a peace officer may withdraw blood for the purpose of determining the presence of alcohol." Minn.Stat. § 169A.51, subd. 7(a). Flermoen contends that her blood sample and alcohol-concentration test results must be suppressed because the hospital technician who withdrew the blood sample was not one of the medical professionals designated in Minn.Stat. § 169A.51, subd. 7(a).

Prior to 1984, the criminal DWI statute, Minn.Stat. § 169.121, subd. 2 (1982), provided that, as a condition of admissibility in a DWI prosecution, alcohol-concentration testing must be "taken voluntarily or pursuant to section 169.123 [the implied-consent statute]." In 1984, the criminal DWI statute was amended to remove the language requiring that blood be withdrawn pursuant to the implied-consent statute so as to be admissible in a DWI prosecution. *See* 1984 Minn. Laws ch. 622, § 7, at 1544; *see also State v. Schauer*, 501 N.W.2d 673, 676 (Minn.App.1993) (addressing amendment's effect on admissibility requirements in criminal DWI cases). Subsequent to the 1984 amendment, we have consistently held that compliance with the testing procedures of the implied-consent law is not a prerequisite for the admissibility of test results in a criminal DWI proceeding. *See, e.g., Schauer*, 501 N.W.2d at 676 (holding that when police have not complied with all procedures of implied-consent laws, an otherwise legally obtained test result is admissible in DWI proceeding); *State v. Aschnewitz*, 483 N.W.2d 107, 108 (Minn.App.1992) (holding that test results were admissible in DWI

proceeding when defendant was unable to produce consensual urine sample and blood sample was obtained without further consent); *State v. Pittman*, 395 N.W.2d 736, 737–38 (Minn.App.1986) (holding that test results were admissible in DWI proceeding when officer did not offer choice between blood and urine tests).

Flermoen argues that our decision in *State v. Shifflet*, 556 N.W.2d 224 (Minn. App.1996), compels a conclusion that the blood sample and test results at issue here are inadmissible. But the facts and legal issues before us render *Shifflet* distinguishable. In *Shifflet*, the driver, who was arrested and jailed for driving under the influence of alcohol, was prevented from obtaining an independent alcohol-concentration test when officers refused to permit the driver to provide a urine sample to a third party. 556 N.W.2d at 225. Shifflet sought suppression of the test results because the officers violated his right under the implied-consent statute to secure an independent alcohol-concentration test in addition to any administered at the direction of a peace officer. *Id.* at 226. The *Shifflet* court recognized that the 1984 amendment to the DWI statute eliminated the incorporation of all the requirements of the civil implied-consent statute into the DWI statute. *Id.* at 226–27. But because of police wrongdoing that potentially impaired the driver's *constitutional* right to present a complete defense, the *Shifflet* court declined to hold the civil implied-consent exclusionary rule for denial of an additional independent test inapplicable in a criminal DWI proceeding under the existing facts and circumstances. *Id.* at 228. By contrast, the facts here do not implicate the independent-test provision addressed in *Shifflet*, and Flermoen does not allege that police wrongdoing led to a potential infringement of a constitutional right. Rather, Flermoen contends that the blood sample was withdrawn without

meeting the professional-occupation requirements for obtaining a sample under the implied-consent statute. Flermoen does not contest that the blood sample was otherwise legally obtained. *See Schauer*, 501 N.W.2d at 676 (holding that *an otherwise legally obtained* test result is admissible in DWI proceeding when officers did not comply with all implied-consent statute's testing procedures). *Shifflet*, therefore, does not mandate suppression of Flermoen's blood sample and test results.

■ Flermoen also maintains that the multiple references to section 169A.51 in Minn.Stat. § 169A.41 (2006) demonstrate that the professional-occupation requirements for withdrawing blood in section 169A.51 apply to a criminal DWI proceeding. But she disregards the criminal DWI evidence statute, Minn.Stat. § 169A.45, subd. 1, which addresses the admissibility of alcohol-concentration evidence without reference to the requirements for withdrawing blood. Section 169A.41 provides for a preliminary screening test when an officer has reason to believe that a driver is impaired and refers to "section 169A.51 (chemical tests for intoxication)." Minn. Stat. § 169A.41. "The results of this preliminary screening test must be used for the purpose of deciding whether an arrest should be made and whether to require the tests authorized in section 169A.51[.]" *Id.*, subd. 2. The types of tests authorized are "blood, breath, or urine." Minn.Stat. § 169A.51, subd. 3. Under section 169A.41, "additional tests may be required of the driver pursuant to the provisions of section 169A.51." Minn.Stat. § 169A.41, subd. 3. But these references to section 169A.51 do not overcome the legislature's express language in section 169A.45, subdivision 1, the criminal DWI evidence statute addressing the admissibility of alcohol-concentration evidence in a DWI proceeding without reference to the professional-occu-

pation requirements for withdrawing blood in section 169A.51, subdivision 7(a). Under Minn.Stat. § 169A.45, subd. 1, the district court "may admit evidence of the presence or amount of alcohol in the person's blood, breath, or urine as shown by an analysis of those items." If the legislature intended to change this criminal DWI rule of evidence regarding proof of alcohol concentration, it could have expressly done so by referencing the professional-occupation requirements for withdrawing blood in section 169A.51, subdivision 7(a). But the legislature did not do so. We, therefore, reject Flermoen's contention that the legislature intended to change the admissibility requirements in a criminal DWI proceeding through indirect references in the preliminary-screening statute.[2]

Flermoen has not demonstrated that the professional-occupation requirements for withdrawing a blood sample, as established in Minn.Stat. § 169A.51, subd. 7(a), apply to exclude from a criminal DWI proceeding the blood sample and alcohol-concentration test results.[3] Accordingly, the district court did not err by denying her motion to suppress.

## DECISION

In a criminal DWI proceeding, suppression of the blood-test results establishing the driver's alcohol concentration is not mandated when the blood is withdrawn by a person who does not meet the requirements for doing so under the civil implied-consent law, Minn.Stat. § 169A.51, subd. 7(a). The district court's decision to deny appellant's motion to suppress her blood sample and alcohol-concentration test results was proper.

**Affirmed.**

2. Similarly, although Minn.Stat. § 634.15, subd. 1(a)(2) (2008), addresses the admissibility of a blood-sample report in "any hearing or trial of a criminal offense or petty misdemeanor or proceeding pursuant to section 169A.53, subd. 3" and creates a presumption of admissibility under certain circumstances, it does not establish a rule of exclusion or inadmissibility. *See State v. Caulfield*, 722 N.W.2d 304, 310 (Minn.2006) (stating that section 634.15 "permits the admission of a report … if it is prepared and attested" by the preparer (quotation omitted)); *State v. Pearson*, 633 N.W.2d 81, 85 (Minn.App.2001) (discussing legislature's ability to create evidentiary presumption and section 634.15's establishment of a prima facie case for admissibility of the blood test result). Any argument that section 634.15, subdivision 1(a)(2), mandates exclusion of a blood-test report offered in a criminal DWI proceeding if it does not comply with its provisions, therefore, would be unavailing.

3. We observe, however, that the Minnesota Rules of Evidence, which govern the admissibility of evidence in criminal proceedings, are not implicated by our analysis here. Objections as to foundation, the chain of custody, or other matters under the Minnesota Rules of Evidence may be pursued to exclude alcohol-concentration evidence in a DWI proceeding.