REQUESTED BY: Wesley Nespor Greeley County Attorney
You have requested our opinion on the issue of whether hospitals or medical personnel are authorized to draw blood from a minor without parental consent or notification under Neb. Rev. Stat. § 60-6,211.01 et. seq. The Nebraska Motor Vehicle Implied Consent Laws found in both § 60-6,211 and in §60-6,197 of the Nebraska Revised Statutes clearly authorize hospitals and medical personnel to draw blood from minors without either parental consent or notification. However, it must also be mentioned that although hospitals and medical personnel are legally authorized to draw blood from minors without parental consent or notification, there is no provision in the Nebraska Motor Vehicle Implied Consent Laws which either requires or compels hospitals or medical personnel to draw blood from a minor without parental consent or notification.
Section 60-6,211 et. seq. of the Nebraska Revised Statutes provides for the so-called "Zero Tolerance" law in Nebraska. Under Zero Tolerance, a person under the age of 21 may have his or her license impounded by the State "[w]hen such person has a concentration of two-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood but less than [ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood]." Neb. Rev. Stat. Ann. § 60-6,211.01(1)(a) (Michie 1997). The Zero Tolerance law also clearly and unambiguously provides that:
 Any person who operates or has in his or her actual physical control a motor vehicle in this state shall be deemed to have given his or her consent to submit to a chemical test or tests of his or her blood or breath for the purpose of determining the concentration of alcohol in such blood or breath.
Neb. Rev. Stat. Ann. § 60-6,211.02(1) (Michie 1997). This language is identical to the implied consent language found in Neb. Rev. Stat. Ann. § 60-6,197 (1) (Michie 1997), with the only exception being that the driver's urine may also be tested for the presence of drugs or alcohol in § 60-6,197.
The Attorney General has previously stated in an opinion on the issue of whether a minor may be required to submit to a blood test under the statute which preceded § 60-6,197 that:
 [i]f no exception is made in favor of minors, [criminal] statutes are to be considered applicable to them. . . . Therefore, it is our opinion that minors are included within the category of those persons who are deemed to have given their consent to submit to chemical tests by the voluntary operation of a motor vehicle upon the highways of this state.
1983 Op. Att'y Gen. No. 8. The opinions of nearby states appear to recognize the notion that unless otherwise required by statute, parental consent or notification is not required under implied consent statutes. See Stefano v. Commissioner of PublicSafety, 358 N.W.2d 83 (Minn.App. 1984) (stating that implied consent applies equally to adults and minors, so there is no requirement of parental notification). See also Olson v. NorthDakota Dept. of Transportation Dir., 523 N.W.2d 258 (N.D. 1994) (stating that implied consent of minor is limited when there is a statutory obligation to notify parents). However, the previous Attorney General Opinion also stated that:
 It could be argued that since minors have statutorily consented to the withdrawal of blood in this particular situation, there should be no necessity of contacting the parents of a minor child to obtain their consent. However, despite the legality of this position, it does not necessarily relieve medical personnel of their own responsibilities and obligations to whatever standards are imposed by their own profession or employer. Consequently, it is our opinion that a law enforcement officer cannot compel such an individual to withdraw blood against his or her volition.
1983 Op. Att'y Gen. No. 8.
Therefore, given the plain language of the statute, and for the same reasons articulated in the previous Attorney General Opinion, hospitals and medical personnel are legally authorized to draw blood from a minor without parental consent or notification. However, there is no statutory provision which requires hospitals or medical personnel to draw blood from a minor without parental consent or notification. Furthermore, there is no statutory provision to allow a law enforcement officer to compel hospitals or medical personnel to draw blood from a minor without parental consent or notification.
Sincerely,
 DON STENBERG Attorney General
 James H. Spears Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General